BELL *v.* UNION & PLANTERS' BANK & TRUST CO.

(Division B.   Oct. 20, 1930.)

[130 So. 486.   No. 28854.]

J. M. Stevens, of Jackson, Wasson & Wasson, of Greenville, and Wells, Jones, Wells & Lipscomb, of Jackson, for appellant.

Wilson, Gates & Armstrong and Julian C. Wilson, all
of Memphis, Tenn., for appellee.

Argued orally by **J. M. Stevens,** for appellant, and by **Julian C. Wilson,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee filed its bill against appellant, executrix of the will of James E. Bell, deceased, seeking to have its probated claim of thirty odd thousand dollars established and allowed against the estate of said decedent. The

cause was tried on bill, answer, and proofs, resulting in a decree in appellee's favor. From that decree appellant prosecutes this appeal.

This is the second appearance of this cause in this court. The first appeal was from a decree sustaining appellant's demurrer to appellee's bill.

Appellee had failed to have its claim registered, probated, and allowed within six months after the first publication of notice to creditors by appellant; but appellant had failed to file proof of publication of such notice with the clerk within that period.

Appellant claimed that the failure of appellee to probate its claim within the six months' period resulted in its bar. The chancery court so held. The decree of the chancellor was reversed without written opinion upon the authority of Jennings v. Lowery & Berry, 147 Miss. 673, 112 So. 692, in which the court held that the six months' statute did not begin to run unless the proof of publication to creditors had been filed with the clerk within that period. The cause was remanded to the chancery court. After its reversal by the Supreme Court, chapter 69 of the Laws of 1928 was passed; that act amended section 2103 of the Code of 1906, as amended by chapter 302, Laws of 1920, by adding the following paragraph:

"The filing of proof of publication as provided in this section shall not be necessary to set the statute of limitation to running, but proof of publication shall be filed with the clerk of the court in which the cause is pending at any time before a decree of final discharge shall be rendered, and the time for filing proof of publication shall not be limited to the six months period in which creditors may probate claims."

Appellant contends that this statute, as amended, is a mere procedural statute and was therefore retroactive, as well as prospective, and applied to estates of decedents

being administered when the statute went into effect, as well as to those to be administered in the future.

Chapter 69 of the Laws of 1928 is prospective, not re-troactive; there is not an expression in the statute that looks to past transactions—they all look to the future. "The rule is fundamental, in the construction of statutes, that they will be construed to have a prospective operation, unless the contrary intention is manifested by the clearest and most positive expression." Richards v. City Lumber Co., 101 Miss. 678, 57 So. 977, 978; Garrett v. Beaumont, 24 Miss. 377; Bramlett v. Wetlin, 71 Miss. 902, 15 So. 934; Power v. Calvert Mortg. Co., 112 Miss. 319, 73 So. 51; Robertson v. Miller, 144 Miss. 614, 109 So. 900.

It is not a mere procedural statute. Before it went into effect appellee had a perfectly valid claim against the estate of the decedent, Bell. If appellant's contention be sound, upon the statute going into effect appellant's claim was destroyed, for the statute contains no saving clause by which appellee was given time within which to preserve its claim from the bar of the statute.

A statute of limitations, which attempts to bar a debt without giving a reasonable time within which the right may be preserved, is violative of the contract clause (article 1, section 10, clause 1), as well as the due process clause, of the Federal Constitution (Amendment 14), and of the like provisions in our state Constitution. Terry v. Anderson, 95 U. S. 628, 24 L. Ed. 365; Atchafalaya Land Co. v. Williams Cypress Co., 258 U. S. 190, 42 S. Ct. 284, 66 L. Ed. 559; Davis v. Minor, 1 How. 183, 28 Am. Dec. 325; Brown v. Wilcox, 14 Smedes & M. 127; Wilkinson v. Barringer, 23 Miss. 319; Benson v. Stewart, 30 Miss. 49; Morgan v. Hazlehurst Lodge, 53 Miss. 665.

Appellant's position means that before chapter 69 of the Laws of 1928 went into effect, appellee had a valid, subsisting, due, and unpaid indebtedness against Bell's

estate; and at once upon the statute going into effect the whole claim was wiped out—right, remedy, and all.

Appellee's first probate of its claim was void; after the first attempt to probate, appellee filed two amendments at different times to the probate of its claim. These amendments were filed without leave of court. Appellant contends that they were of no effect, and should be disregarded, because not authorized by the court.

The amendments in question were not made under the authority of section 2107, Code of 1906, as amended by chapter 157 of the Laws of 1926, section 1851, Hemingway's Code of 1927. It was not the purpose of chapter 157 of the Laws of 1926 to require a precedent order of the court authorizing the amendment of the affidavit to a probated claim during the period of six months from the first publication of notice to creditors. During that period the owner of the claim can make as many attempts to probate it as he may see fit, and if in any attempt he succeeds in legally doing so, the claim is not barred by the six months' statute. In other words, where the publication of notice to creditors is made as required, if during the six months' period the owner of a claim succeeds in probating it in the manner provided by law, his rights are saved, so far as the six months' statute is concerned, even though he may, during that period, have made several void attempts to probate his claim. And the same is true where no notice whatever is given to creditors, or the notice given is insufficient to set the six months' statute in motion, as it was in this case; creditors may amend the probate of their claims at any time before the estate is closed without leave of court.

The purpose of chapter 157 of the Laws of 1926 was to authorize the amendment of the affidavits to probated claims after the expiration of the six months' period from the first publication of notice to creditors, and provides that an order of the court to do so is necessary.

Affirmed.