Leo HUDGINS and Raymond Davis, owners of OIL SCREW A. OLIVEIRA,
Libelants,

v.

TUG KEVIN MORAN, her engines, etc.,
Moran Towing Company, Inc., Moran
Towing and Transportation, Inc., and
C. T. Torjusen, Respondents.

No. 1843.

United States District Court
S. D. Mississippi.

March 14, 1962.

Pillans, Reams, Tappan, Wood & Roberts, Mobile, Ala. (John H. Tappan, Mobile, Ala., Advocate), for libelants.

Armbrecht, Jackson, McConnell & DeMouy, Mobile, Ala. (T. K. Jackson, Jr., Mobile, Ala., Advocate), for respondents.

MIZE, Chief Judge.

I have considered carefully the stipulation in the above styled case and the briefs thereon and have reached the conclusion that this Court does not have jurisdiction over the person of the defendants and that the service of process

upon the Secretary of State under and by virtue of Section 1437 of the Mississippi Code of 1942 should be quashed, and that the libel must be dismissed.

I think the case of Mississippi Wood Preserving Company v. Rothschild, 5 Cir., 201 F.2d 233 is conclusive. Judge Hutcheson, after discussing several authorities, particularly discussing the question of Davis-Wood Lumber Company v. Ladner, 210 Miss. 863, 50 So.2d 615, and after holding that each case does depend on its own facts and referring to the decision of the Supreme Court of Mississippi, concluded as follows: "On the contrary, it has made it plain that it does not construe it literally and as conferring jurisdiction on a single act or acts, but construes it as requiring a *series of acts amounting to a continuity* before it can be held under the statute, that there is a doing of business in the state" (emphasis supplied).

It is not necessary to refer to other authorities as I see the question. There was in the present case no series of acts amounting to a continuity of business and, therefore the statute as construed by the State of Mississippi in this Circuit does not embrace jurisdiction on the facts set out in the present libel.

The most serious question arising, in my judgment, is the construction of the Mississippi Boating Act of 1960, being Sections 8496–27, which provides that the acceptance by a non-resident of the right to operate a vessel in the waters of Mississippi thereby appoints the Secretary of State as his attorney to receive process. However, this Act appears to me to be intended for future operations since the passage of this Act. There is nothing in the Act to indicate that it was intended as retroactive, but the language used indicates it is intended for future operations after passage of the Act. I think this Act is constitutional, but must be applied to occurrences that take place after its passage and does not apply to a tort that was committed in 1952.

The McGEE case (McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223) was based upon a statute passed before the cause of action arose. The policy was issued prior to the passage of the Act but the death did not occur until after the Act had been passed, and therefore this case is not controlling in the instant cause of action.

An order may be drawn in accord herewith.