186 So.2d 481 (1966)
John MLADINICH et al.
v.
Aaron KOHN.
No. 43987.
Supreme Court of Mississippi.
May 9, 1966.
Morse & Morse, Gulfport, for appellants.
Mize, Thompson & Mize, Virgil Gillespie, Gulfport, Guste, Barnett & Little, M. Hepburn Many, New Orleans, La., for appellee.
ETHRIDGE, Chief Justice:
This case involves the question of whether Mississippi's 1964 long-arm, jurisdictional statute should be applied retrospectively to a tort committed before its effective date. We hold that it does not reflect clearly a legislative intent to be retrospective, but on the contrary a purpose that it be prospective only. Miss. Code Annot. § 1437 (1964 Supp.); Miss. Laws 1964, ch. 320. Hence the judgment of the Circuit Court of Harrison County, dismissing these suits (consolidated on appeal) because of a want of in personam jurisdiction, is affirmed.
The predecessor of this case is Mladinich v. Kohn, 250 Miss. 138, 164 So.2d 785 (1964). It involved substantially the same factual allegations made in the instant case. John Mladinich and two others brought separate suits against Aaron M. Kohn, Director of the Metropolitan Crime Commission of New Orleans, Inc., and a resident citizen of New Orleans, Louisiana. Process was obtained under Code section 1437 before the 1964 amendment. Miss. Code Ann. § 1437 (1956). They alleged that Kohn made a talk in Harrison County to the Brotherhood of Gulf Coast Baptist Association on underworld government, in which he charged that Jake Mladinich, along with his two sons, the other plaintiffs, operated a motel near Biloxi "for the racketeer Carlos Marcello"; and that plaintiffs were members of the underworld government and were racketeers.
Kohn made a special appearance and moved for dismissal for want of in personam jurisdiction. The trial court sustained the motion, and on appeal this Court affirmed that judgment. 250 Miss. 138, 164 So.2d 785 (1964). It held: (1) Kohn's special appearance was not a general appearance or a waiver of lack of jurisdiction. (2) Kohn was not amenable to the process and jurisdiction of the Mississippi court, since he was *482 not doing business and did not perform any character of work or service in this state, under then Code section 1437. The opinion, rendered in June 1964, stated: "House Bill No. 128, enacted at the present Mississippi legislative session, amends section 1437, but is not involved here, since it becomes effective July 1, 1964."
The present actions, brought by the Mladinichs against Kohn, involved substantially the same charges for the same tort. The circuit court dismissed them.
House Bill No. 128, Chapter 320, Mississippi Laws 1964, became effective on July 1, 1964, after the decision in Mladinich.[1] It broadened considerably the in personam jurisdiction of Mississippi courts over nonresidents who make a contract with a resident to be performed in whole or in part in this state, or who commit a tort in this state. Since it is not necessary to this decision, we assume without deciding that, if Kohn had committed the alleged slander in this state after the effective date of Chapter 320, it would suffice to give a Mississippi court in personam jurisdiction over him. However, in this case the tort occurred on August 21, 1962, almost two years before the effective date of Chapter 320. The question is whether the legislature intended that statute to be applied retrospectively.
We do not think it did. Chapter 320 is remedial. It did not create a cause of action, but provided a method of obtaining in personam jurisdiction in Mississippi *483 courts for a tort. Although the legislature could have made Chapter 320 retroactive, the issue here is whether such an intent is shown. In a long line of cases, this Court has followed the rule that, in the interpretation of statutes, they will be construed to have a prospective operation only, unless a contrary intention is manifested by the clearest and most positive expression. Hooker v. Hooker, 18 Miss. (Smedes & M) 599 (1848); Brown v. Wilcox, 22 Miss. (14 Smedes & M) 127 (1850); Richards v. City Lumber Co., 101 Miss. 678, 57 So. 977 (1912); Power v. Calvert Mortgage Co., 112 Miss. 319, 73 So. 51 (1916); State ex rel. Knox v. Union Tank Car Co., 151 Miss. 797, 119 So. 310 (1928); Bell v. Union & Planters Bank & Trust Co., 158 Miss. 486, 130 So. 486 (1930); Mississippi Central Railroad Co. v. City of Hattiesburg, 163 Miss. 311, 141 So. 897 (1932); City of Lumberton v. Schrader, 176 Miss. 272, 168 So. 77 (1936); Jefferson Standard Life v. Dorsey, 178 Miss. 852, 173 So. 669 (1937); United States Fidelity & Guaranty Co. v. Maryland Casualty Co., 191 Miss. 103, 199 So. 278 (1941); McCullen v. State ex rel. Alexander, 217 Miss. 256, 63 So.2d 856 (1953); Klaas v. Continental Southern Lines, 225 Miss. 94, 82 So.2d 705 (1955); Horne v. State Building Commission, 233 Miss. 810, 103 So.2d 373 (1958).
This established rule of construction has been phrased in other ways by the above cases: A statute will not be given retroactive effect unless it is manifest from the language that the legislature intended it to so operate. It will not be construed as retroactive unless the words admit of no other construction or meaning, and there is a plain declaration in the act that it is. In short, these cases illustrate a well-settled attitude of statutory interpretation: A preference that it be prospective only, and a requirement that there should be a clearly expressed intent in the act to make it retrospective. See Note, 63 Col.L.Rev. 1105 (1963); Note, 44 Yale L.J. 358 (1934); 84 C.J.S. Statutes §§ 416, 421, 422 (1953); 50 Am.Jur. Statutes §§ 478, 480, 482 (1944).
Although some of the cases from other jurisdictions, cited in the above authorities, hold that a remedial statute does not come within the general rule against retrospective operation, the Mississippi cases have declined to make that distinction, and we see no sound reason to overrule them. Hooker v. Hooker, 18 Miss. (Smedes & M) 599 (1848); Horne v. State Building Commission, 233 Miss. 810, 103 So.2d 373 (1958); Mississippi Central Railroad Co. v. City of Hattiesburg, 163 Miss. 311, 141 So. 897 (1932); Bell v. Union & Planters Bank & Trust Co., 158 Miss. 486, 130 So. 486 (1930); Richards v. City Lumber Co., 101 Miss. 678, 57 So. 977 (1912).
A careful reading of Section 320 indicates a dominant legislative intent that the statute should be prospective only. Certainly it does not indicate clearly a purpose that it should be retroactive. It provides that a person who "shall make a contract with a resident of this State," or who "shall commit a tort in whole or in part in this state," or who "shall do any business" in this state "shall * * * be deemed to be doing business in Mississippi." Such act or acts "shall be deemed equivalent" to the appointment of the Secretary of State as the person's agent. The word "shall" is in the future tense, and indicates prospective operation. The act of doing these things is "a signification of such nonresident's agreement" that any process upon the Secretary of State shall be effective as that person's agent. The implied consent theory may be a fiction, but the statute adopts it. There can be no basis for an implication of consent under the 1964 act before it became effective. Finally, section 3 provides: "This act shall take effect and be in force from and after July 1, 1964."
All of these indicia of the legislative intent suggest prospective operation. The only contrary evidence although slight, is the use of the word "accrued" at two places, referring to process in actions "accrued or accruing from such act or acts," and the venue in the county "in which the action *484 accrued." But this does not outweigh all of the other evidence in the act pointing to prospective operation. Moreover, applying the established rule, chapter 320 does not evidence a clear intent to make it retrospective.
In Breckenridge v. Time, Inc., 179 So.2d 781 (Miss. 1965), the Court assumed, but did not decide, that chapter 320 applied retroactively. The case went off on another issue, namely, that Mississippi courts had no in personam jurisdiction over defendant because it had no minimal contacts in this state.
Roberts v. Worthen Bank & Trust Co., 183 So.2d 811 (Miss. 1966), affirmed a judgment for plaintiff based on an Arkansas judgment. Under the full faith and credit clause, this Court applied the decision of the Arkansas Court in Safeway Stores, which held that State's long-arm statute was remedial and was intended to apply retrospectively. Safeway Stores, Inc. v. Shwayder Bros., Inc., 238 Ark. 768, 384 S.W.2d 473 (1964). Roberts recognized that several other states have held that their process statutes indicated a legislative intent for them to be retroactive. McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Bluff Creek Oil Co. v. Green, 257 F.2d 83 (5th Cir.1958); Teague v. Damascus, 183 F. Supp. 446 (E.D. Wash. 1960); Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673 (1957); Cedar Rapids Community School Dist., etc., v. R.F. Ball Construction Co., 237 F. Supp. 965 (N.D.Iowa 1965). However, Roberts did not consider the effect of the Mississippi statute.
Hooker v. Hooker, 18 Miss. (Smedes & M) 599 (1848), involved a statute which provided a new remedy. Jurisdiction of a second suit was denied because there was no clear legislative intent to make the statute retrospective. Bouchillon v. Jordan, 40 F. Supp. 354 (S.D.Miss. 1941), held that the predecessor of chapter 320 did not apply retrospectively to a prior tort. Miss. Laws 1940, ch. 246. The opinion reviewed the settled Mississippi rule that prospective operation only will prevail, unless a contrary intention is manifested by the clearest and most positive expression. Hudgins v. Tug Kevin Moran, 206 F. Supp. 339 (S.D. Miss. 1962), declined to apply retroactively the process provisions of the Mississippi Boating Act of 1960. Miss. Code Annot. §§ 8496-27 (1964 Supp.); see also Annot. 99 A.L.R.2d 287, 293-294 (1965).
Affirmed.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.
NOTES
[1] 320
House Bill No. 128
AN ACT to amend Section 1437, Mississippi Code of 1942, Recompiled, to provide additional conditions for a foreign corporation doing business in Mississippi, including the commission of a tort therein; and to provide that such actions shall be deemed equivalent to appointing the Secretary of State as agent for process under such conditions.
BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF MISSISSIPPI:
Section 1. Section 1437, Mississippi Code of 1942, Recompiled, is amended to read as follows:
1437. (a) Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this State as to doing business herein, who shall make a contract with a resident of this State to be performed in whole or in part by any party, in this State, or who shall commit a tort in whole or in part in this State against a resident of this State, or who shall do any business or perform any character of work or service in this State shall, by such act or acts, be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the Secretary of State of the State of Mississippi, or his successor or successors in office, to be the true and lawful attorney or agent of such nonresident, upon whom all lawful process may be served in any actions or proceedings accrued or accruing from such act or acts, or arising from or growing out of such contract or tort, or as an incident thereto, by any such nonresident, or his, their or its agent, servant or employee. The doing of such business, or the engaging in any such work or service in this State, or the making of such contract, or the committing of such tort in this State, shall be deemed to be a signification of such nonresident's agreement that any process against it which is so served upon the Secretary of State shall be of the same legal force and effect as if served on the nonresident at its principal place of business in the state or country where it is incorporated and according to the law of that state or country.
(b) All civil actions for the recovery of damages brought against a non-resident of the State of Mississippi may be commenced in the county in which the action accrued or where the plaintiff then resides, or is domiciled, except as otherwise provided by law. Service of process may be had in any county of the State where the defendants, or any of them, may be found, except when elsewhere provided by law for service upon the Secretary of State.
Section 2. Should any provision or section of this act be held to be invalid by any court of competent jurisdiction, the remainder of this act shall not be affected thereby.
Section 3. This act shall take effect and be in force from and after July 1, 1964.
Approved: April 2, 1964.