IN THE SUPREME COURT OF MISSISSIPPI
NO. 95-CA-00524-SCT

*JEROME HORD*

*v.*

*CITY OF YAZOO CITY AND BUDDY WOODARD*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/04/95 |
| TRIAL JUDGE: | HON. JAMES E. GRAVES, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | WILLIAM L. WALLER, JR. |
| | DANNYE L. HUNTER |
| ATTORNEY FOR APPELLEE: | JOHN D. BRADY |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 11/13/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/4/97 |

**BEFORE SULLIVAN, P.J., McRAE AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

¶1. On April 4, 1995, the Circuit Court of Hinds County dismissed Jerome Hord's negligence action against the City of Yazoo City as barred by the City's sovereign immunity under the Mississippi Tort Claims Act. On appeal before this Court, Hord argues that the trial court erred in applying the Act, and that his claim arose out of a proprietary function for which the City may be held liable.

## I.

## FACTS

¶2. While in the custody of the Mississippi Department of Corrections, Jerome Hord was sent to the Yazoo County Work Center located in Yazoo City, Mississippi. On October 15, 1987, the work center sent Hord to the Yazoo City Barn where he was assigned the duty of mounting used tires on the rims of a light passenger van owned by the City. While he was mounting the used tires, a tire exploded resulting in serious injuries to Hord's hand. On April 30, 1991, Hord filed suit in the Circuit Court of Hinds County alleging that Mississippi Commissioner of Corrections Lee Roy Black and

former Commissioner of Corrections Donald Cabana acted in negligent disregard of Hord's personal safety in violation of Hord's Eighth Amendment rights as applied to state actors through 48 U.S.C. § 1983. The complaint also alleged that the City of Yazoo City, acting by and through its employee, Buddy Woodard, acted negligently in failing to provide proper training, supervision and safety equipment.

¶3. The case was removed to the U.S. District Court for the Southern District of Mississippi for purposes of hearing Hord's § 1983 claims. On April 27, 1992, the district court dismissed Hord's § 1983 claims for failure to allege "deliberate indifference" as required of claims brought under the Eighth Amendment. The district court remanded the remaining claims to the state court.

¶4. On September 15, 1994, the City of Yazoo City filed a Rule 12(b)(6) motion to dismiss, arguing that Hord's claims against the City were barred by the Mississippi Tort Claims Act. On April 4, 1995, the circuit court granted the motion, dismissing Hord's claims pursuant to Miss. Code Ann. § 11-46-9 (1)(m) (Supp. 1996), which bars claims against governmental entities by inmates, and § 11-46-9 (1)(n) (Supp.1996), which bars claims arising out of work performed by convicts when the work is authorized by law.

## II.

## DISCUSSION

¶5. In 1982, this Court abolished judicially-created sovereign immunity in *Pruett v. City of Rosedale*, 421 So. 2d 1046 (Miss. 1982), ruling that determining the existence and extent of sovereign immunity is the province of the Legislature, not the Court. In 1984, the Legislature responded by enacting a comprehensive tort claims act, providing for a limited waiver of sovereign immunity. Miss. Code Ann. § 11-46-1 *et seq.* (Supp. 1996). However, § 11-46-6 provided that the Act's provisions were not yet effective, and that until such time as they became effective, the law of sovereign immunity would be governed by the common law doctrine as it existed in 1982 before the *Pruett* decision.

¶6. On August 31, 1992, we decided *Presley v. Mississippi State Highway Com'n*, 608 So. 2d 1288 (Miss. 1992), wherein we held § 11-46-6 to be unconstitutional because it intended to revive law by reference. Then, in *Robinson v. Stewart*, 655 So. 2d 866 (Miss. 1995), we held that *Presley* was to be applied prospectively only. The Legislature responded to *Presley* by reaffirming sovereign immunity in Miss.Code Ann. § 11-46-3, but then waived said immunity to a large degree in Miss.Code Ann. § 11-46-5. "Miss.Code Ann. § 11-46-5 provides for a waiver of sovereign immunity as to the State from and after July 1, 1993 and for political subdivisions of the state from and after October 1, 1993, subject to a number of substantive and procedural limitations set forth in later sections of said chapter." *Gressett v. Newton Separate Municipal School District*, 697 So.2d 444, 445 (Miss.1997).

¶7. In *Gressett*, we decided that a cause of action that arose on August 26, 1993, over four months after § 11-46-3 went into effect, was surely governed by the statutory immunity annunciated in that statute. We reasoned that the *Presley* holding was not controlling because § 11-46-3 does not contain the constitutionally offensive language present in § 11-46-6.

¶8. § 11-46-6, however, still applies to post-*Pruett*, pre-*Presley* causes of action. In the case *sub judice*, Hord's cause of action arose on October 15, 1987, before *Presley*, so under *Robinson*, we apply § 11-46-6, which directs us to apply pre-*Pruett* common law. *Morgan v. City of Ruleville*, 627 So. 2d 275, 278-79 (Miss. 1993) (holding that since cause of action arose in 1987, before *Presley*, the trial court erred in applying the tort claims act, but instead should have applied pre-*Pruett* common law).

¶9. Under pre-*Pruett* common law, whether a city "enjoys the defense of sovereign immunity depends upon whether the alleged conduct occurred in the exercise of a governmental function or in the exercise of a proprietary function." *Morgan*, 627 So. 2d at 279; *Webb v. Jackson*, 583 So. 2d 946, 952 (Miss. 1991). A city performing a governmental function is immune from a negligence suit, whereas a city performing a proprietary function is not immune from a negligence suit. *Morgan*, 627 So. 2d at 279; *Webb*, 583 So. 2d at 952.

¶10. The classifications of those functions which are governmental and those which are proprietary are very general, and are often difficult to define. We have described governmental functions applicable to cities as "activities or services which a municipality is required by state law to engage in and to perform." *Anderson v. Jackson Municipal Airport Authority*, 419 So. 2d 1010, 1014 (Miss. 1982). Conversely, proprietary functions are "activities in which a municipal corporation engages, not required or imposed upon it by law, about which it is free to perform or not." *Anderson*, 419 So. 2d at 1014. "Proprietary activities are those which, while beneficial to the community and very important, are not vital to a City's functioning." *Morgan*, 627 So. 2d at 279.

¶11. No state law requires the maintenance of a city's non-emergency passenger vehicles, nor does any state law require the assignment of state prison inmates to perform such work. While such work may be beneficial to the community, we cannot say that it is vital to a city's functioning. Accordingly, we find that the assignment of Hord to mount used tires on a passenger van owned by the City was a proprietary function for which the City enjoyed no sovereign immunity. Therefore, the trial court erred in granting the City's motion to dismiss, and we reverse and remand for a trial on the merits of Hord's negligence claim.

¶12. **REVERSED AND REMANDED.**

**SULLIVAN, P.J., PITTMAN AND BANKS, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY. DAN LEE, C.J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, BANKS, McRAE AND ROBERTS, JJ. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PRATHER, P.J.**

**DAN LEE, CHIEF JUSTICE, CONCURRING:**

¶13. While I agree with the result reached by the majority, I write separately to point out that, regardless of whether or not the City of Yazoo City was cloaked with sovereign immunity in the instant case, the liability insurance[1] procured by it to cover instances such as Jerome Hord's injury necessitates reversal in this case. A plaintiff may be entitled to recover if the governmental entity has purchased liability insurance which covers the type of injury the plaintiff suffered. *Churchill v. Pearl River Basin Dev. Dist.*, 619 So. 2d 900, 905-06 (Miss. 1993).

**PITTMAN, BANKS, McRAE AND ROBERTS, JJ., JOIN THIS OPINION.**

**SMITH, JUSTICE, DISSENTING:**

¶14. The 1993 Mississippi Tort Claims Act prohibits Jerome Hord's claim against Yazoo City. Miss. Code Ann. § 11-46-9(1)(m) and (n) (Supp. 1997) specifically states:

A governmental entity and its employees acting within the course and scope of their employment or duties *shall not be liable for any claim:*

(m) Of any claimant who at the time the claim arises is an ***inmate*** of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed;

(n) Arising out of any work performed by a person convicted of a crime when the work is performed pursuant to any sentence or order of any court or pursuant to laws of the State of Mississippi authorizing or requiring such work;

The fact that Yazoo City is a governmental entity, that Buddy Woodard was an employee of the entity, and that Hord was an inmate at the state penitentiary, assigned to the Yazoo County Community Work Center, and that Hord was injured while performing work for Yazoo City at the city barn, is undisputed. Equally clear is that Hord was performing work pursuant to Miss. Code Ann. § 47-5-451 (1993) which authorized this joint state/county work program for inmates. Inmates benefit by receiving earned time credit allowances on their sentences, and in some cases, monetary compensation in return for their labor which enables victims of crimes to be repaid for damages caused by certain inmates.

¶15. Except for civil rights violations, which the case *sub judice* clearly is not, the statutes at issue specifically and unambiguously state that governmental entities and their employees "*shall not be liable for any claim"* brought by an inmate such as Hord. Hord's claim of negligence was properly dismissed by the lower court.

¶16. The issue presented here is not one of sovereign immunity, but rather the sole issue for review concerns the retroactive application of the 1993 amendments to the Tort Claims Act. Hord himself acknowledges this fact. *Hord's Brief*, at 2. Even though this accident occurred in 1987, the

Legislative intent for the Tort Claims Act was that it should have retroactive effect. Generally, constitutional and statutory amendments have prospective force only. *Mladinich v. Kohn*, 186 So. 2d 481, 483 (Miss. 1966). This prospective force only always applies, "unless a contrary intention is manifested by the clearest and most positive expression." *State ex rel. Moore v. Molpus*, 578 So. 2d 624, 643 (Miss. 1991)(quoting *Mladinich*, 186 So. 2d at 484). Examination of the very heading of Miss. Code Ann. § 11-46-3, "Declaration of legislative intent," as well as the language thereafter, clearly states the intent of our Legislature that "immunity of the state and its political subdivisions recognized and reenacted herein is and always has been the law in this state, before and after November 10, 1982, and before and after July 1, 1984, and is and has been in full force and effect in this state except only in the case of rights which, prior to the date of final passage hereof, have become vested by final judgment of a court of competent jurisdiction or by the express terms of any written contract or other instrument in writing." A more definite legislative intent that immunity should be applied prospectively could not possibly have been written and expressed by our Legislature. The trial court was correct.

¶17. I respectfully dissent.

**PRATHER, P.J., JOINS THIS OPINION.**

1. The City of Yazoo City had purchased insurance in the amount of $500,000, far exceeding the relief requested by Hord.