# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CP-01151-SCT

*ARVIN D. ROCHELL a/k/a ARVIN DALE ROCHELL*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/17/2015 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| COURT FROM WHICH APPEALED: | CALHOUN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ARVIN D. ROCHELL (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/01/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     Arvin Rochell, *pro se*, appeals the Calhoun County Circuit Court's denial of his petition for post-conviction relief. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 1992, Arvin Rochell was indicted for two counts of capital murder for killing Hazel and Nell McMahan, and for one count of arson. *Rochell v. State*, 748 So. 2d 103, 105 (Miss. 1999). In 1994, Rochell pleaded guilty to one reduced count of murder and to arson. *Id.* at

105-06. The trial judge sentenced him to life for the murder and to twenty years for the arson, to run concurrently. *Id.* at 106.

¶3. Rochell filed the petition for post-conviction relief at issue in this appeal on May 12, 2015. Rochell styled his petition as a "Motion to Clarify Parole Eligibility" and argued that he was "being unlawfully held in custody due to [the] Mississippi Department of [Corrections'] holding that he is ineligible for parole under [Mississippi Code Section] 47-7-18(1)[.]" Rochell cited the first part of Section 47-7-18(1), which states that "Each inmate eligible for parole pursuant to Section 47-7-3, shall be released from incarceration to parole supervision on the inmate's parole eligibility date, without a hearing before the board, if . . . ."[1] Relying on this language, Rochell argued that all parole-eligible inmates like himself "are now subject to the new parole release procedures in 47-7-18." As such, argued Rochell,

---

[1]The entirety of Section 47-7-18(1) reads as follows:

(1) Each inmate eligible for parole pursuant to Section 47-7-3, shall be released from incarceration to parole supervision on the inmate's parole eligibility date, without a hearing before the board, if:

> (a) The inmate has met the requirements of the parole case plan established pursuant to Section 47-7-3.1;
>
> (b) A victim of the offense has not requested the board conduct a hearing;
>
> (c) The inmate has not received a serious or major violation report within the past six (6) months;
>
> (d) The inmate has agreed to the conditions of supervision; and
>
> (e) The inmate has a discharge plan approved by the board.

Miss. Code Ann. § 47-7-18(1) (Rev. 2015).

the Mississippi Department of Corrections (MDOC) was incorrect when it determined that Section 47-7-18 applied only to inmates sentenced *after* July 1, 2014, the date that Section 47-7-18 took effect.

¶4. The trial judge denied[2] Rochell's petition, finding that Section 47-7-3.1 "contemplates inmates sentenced after July 1, 2014," as it provides that the MDOC shall complete a case plan for all inmates "within ninety (90) days of admission." Miss. Code Ann. § 47-7-3.1(2) (Rev. 2015).[3] As such, the trial judge ruled that Rochell was not entitled to a case plan and therefore was not entitled to any relief. Rochell now appeals and presents two issues:

I.      Whether [Section] 47-7-18 applies retroactively to all parole-eligible offenders; and

II.     Whether [Section] 47-7-18(1) creates a liberty interest protected by the Due Process Clause.

We find Rochell's first issue dispositive and therefore decline to address his second issue.

---

[2]The trial court initially had dismissed Rochell's petition and directed him to "first pursue this request within the Mississippi Department of Corrections Administrative Review Program." Rochell then filed a "Notice of Exhaustion," explaining that he previously had sought relief with the MDOC, but was informed by the MDOC that it "does not handle Parole Board Matters." But the trial court again dismissed Rochell's petition, finding that he had failed to name the proper party as a defendant. Rochell then filed a "Motion for Relief From Judgment" and asked the trial court to "relieve him of the prior dismissal and reopen the proceedings." The trial court then considered the merits of Rochell's petition and ultimately denied it, as detailed above.

[3]Although the trial judge did not specifically reference Section 47-7-18, we note that the first requirement for an inmate to receive parole without a hearing under that section is that the inmate "has met the requirements of the parole case plan established pursuant to Section 47-7-3.1." *See* Miss. Code Ann. § 47-7-18(1)(a) (Rev. 2015). Both Sections 47-7-18 and 47-7-3.1 were added to the statutory scheme via House Bill 585, which took effect on July 1, 2014.

**ANALYSIS**

¶5. "When reviewing a lower court's decision to deny a petition for post conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." ***Brown v. State***, 731 So. 2d 595, 598 (Miss. 1999). But when questions of law are raised, the applicable standard of review is *de novo*. ***Id.*** Statutory interpretation is a question of law. ***Tipton v. State***, 150 So. 3d 82, 84 (Miss. 2014).

¶6. Rochell argues that "Section 47-7-18(1) makes release mandatory upon certain findings." Specifically, Rochell argues that Section 47-7-18(1)'s language is "plain and unambiguous" and emphasizes the word "shall": "[e]ach inmate eligible for parole pursuant to Section 47-7-3, **shall** be released from incarceration to parole supervision on the inmate's parole eligibility date . . . ." Based on this language, Rochell argues that "all offenders eligible for parole pursuant to [Section ] 47-7-3 are now subject to the parole release procedures in [Section] 47-7-18, as a matter of statutory law notwithstanding when convicted."

¶7. The State argues that Section 47-7-18 does not apply retroactively to offenders sentenced prior to July 1, 2014. But Rochell counters that Section 47-7-18 "does not state that it only applies to inmates sentenced after July 1, 2014. If the [Legislature] wanted to limit applicability of [Section] 47-7-18 to inmates convicted after July 1, 2014, it could have easily done that. But, there is no exclusion clause in the Statute."

¶8. But this Court consistently has held the exact opposite: that statutes will be applied prospectively, unless the statute clearly provides that it is retroactive. In ***Mladinich v. Kohn***,

4

this Court wrote that "[a] statute will not be given retroactive effect unless it is manifest from the language that the legislature intended it to so operate." ***Mladinich v. Kohn***, 186 So. 2d 481, 483 (Miss. 1966). "[A statute] will not be construed as retroactive unless the words *admit of no other construction or meaning*, and there is a *plain declaration in the act* that it is." ***Id.*** (emphasis added). "In short, [prior caselaw] illustrate[s] a well-settled attitude of statutory interpretation: A preference that it be prospective only, and a requirement that there should be a *clearly expressed intent* in the act to make it retrospective. ***Id.*** (emphasis added). And in ***Hudson v. Moon***, this Court said that it has "continuously followed the rule that statutes will be construed to have a prospective operation only, *unless a contrary intention is manifested by the clearest and most positive expression*." ***Hudson v. Moon***, 732 So. 2d 927, 930-31 (Miss. 1999) (emphasis added).

¶9.	With this standard in mind, we see no "plain declaration" or "clearly expressed intent" that Section 47-7-18 applies retroactively. On the contrary, we note at least four other indicators that show the Legislature did *not* intend that section to apply retroactively. First, as noted by the trial judge, Section 47-7-3.1(2) states that "*[w]ithin ninety (90) days of admission*, the department shall complete a case plan on all inmates . . . ." Miss. Code Ann. § 47-7-3.1 (Rev. 2015) (emphasis added). Clearly, that statutory requirement cannot be satisfied in Rochell's case, as he was "admitted" to the MDOC's custody in 1994.

¶10.	Second, Section 47-7-2 defines "Parole case plan," in pertinent part, as "an individualized, written accountability and behavior change strategy developed by the department in collaboration with the parole board *to prepare offenders for release on parole*

5

*at the parole eligibility date*." Miss. Code Ann. § 47-7-2 (Rev. 2015).[4]  Again, a "case plan," as defined by the Legislature, has no application to Rochell, as his parole eligibility date passed years ago.

¶11.    Third, Section 47-7-13—which was left unchanged by the 2014 amendments—states that "[a] decision to parole an offender convicted of murder or a sex-related crime shall require the affirmative vote of three (3) members." Miss. Code Ann. § 47-7-13 (Rev. 2015). But importantly, the 2014 amendments specifically *exclude* those convicted of crimes of violence or sex crimes on or after July 1, 2014, from parole eligibility altogether.  So again, the statutory scheme clearly contemplates different treatment for those convicted on or after July 1, 2014, and those convicted before that time, such as Rochell.

¶12.    Finally, the Legislature did not repeal Sections 47-7-5[5] and 47-7-17, which describe the duties of the Parole Board and the procedures for parole hearings in non-"presumptive parole" cases.[6]  In other words, the preservation of those two statutes belies Rochell's argument that the Legislature meant for Section 47-7-18—i.e., the "presumptive parole" statute—to apply to *all* parole-eligible inmates.

---

[4]Notably, the definition of "Parole case plan" was added to Section 47-7-2 as part of the 2014 amendments (i.e., House Bill 585).

[5]In fact, the 2014 amendments extended Section 47-7-5's repealer provision from July 1, 2014, until July 1, 2018.

[6]For instance, Section 47-7-17 mandates that "[p]arole release shall, at the hearing, be ordered only for the best interest of society, not as an award of clemency . . . ." Miss. Code Ann. § 47-7-17 (Rev. 2015).  Section 47-7-18 contains no such requirement.  Section 47-7-17 also allows the Parole Board to require parolees to submit to "any type of breath, saliva or urine chemical analysis test[.]" Section 47-7-18 mentions no such tests.

¶13.   In short, we find nothing in Section 47-7-18 that indicates the Legislature's intent that it apply retroactively "by the clearest and most positive expression." As such, we agree with the trial judge that Rochell is entitled to no relief, and we therefore affirm his denial of Rochell's petition. And because we find that Section 47-7-18 does not apply to Rochell, we decline to address his argument that that section creates a liberty interest protected by the Due Process Clause.

**CONCLUSION**

¶14.   For the foregoing reasons, we find that Section 47-7-18 does not apply retroactively. As such, we affirm the judgment of the Calhoun County Circuit Court.

¶15.   **AFFIRMED.**

**WALLER, C.J., RANDOLPH, P.J., COLEMAN, MAXWELL AND BEAM, JJ., CONCUR. DICKINSON, P.J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS AND KING, JJ.**

**DICKINSON, PRESIDING JUSTICE, CONCURRING IN RESULT ONLY:**

¶16.   I agree Rochell was not entitled to parole under Mississippi Code Section 47-7-18(1). But whether that statute applies prospectively or retroactively is not the issue. And the majority, erroneously concluding that it is the issue, applies the incorrect legal standard. So I concur in result only.

¶17.   We review questions of statutory interpretation de novo, and "[o]ur primary goal in interpreting statutes is 'to adopt that interpretation which will meet the true meaning of the Legislature.'"[7] "To determine legislative intent, the Court first looks to the language of the

_____

[7] *Legislature of State of Miss. v. Shipman*, 170 So. 3d 1211, 1214–15 (Miss. 2015) (citing *5K Farms, Inc. v. Miss. Dep't of Revenue*, 94 So. 3d 221, 225 (Miss. 2012); quoting

7

statute. If the words of a statute are clear and unambiguous, we apply the plain meaning of"

those words, and we have no need "to apply principles of statutory construction."[8] In other

words, in the absence of statutory ambiguity, ordinarily we give effect to a statute's plain

language.

¶18. A different standard applies for the specific question of whether a newly enacted

statute should be given a prospective or retroactive application. "In a long line of cases," we

have "followed the rule that" we will construct statutes "to have a prospective operation only,

unless a contrary intention is manifested by the clearest and most positive expression."[9] This

standard, of course, applies only where the question of retroactive application is at issue.

Here it is not.

---

*Scaggs v. GPCH–GP, Inc.*, 931 So. 2d 1274, 1276 (Miss. 2006)).

[8] *Lawson v. Honeywell Int'l, Inc.*, 75 So. 3d 1024, 1027 (Miss. 2011) (citing *Pinkton v. State*, 481 So. 2d 306, 309 (Miss. 1985); *Clark v. State ex rel. Miss. State Med. Ass'n*, 381 So. 2d 1046, 1048 (Miss. 1980); *Gilmer v. State*, 955 So. 2d 829, 833 (Miss. 2007)).

[9] *Mladinich v. Kohn*, 186 So. 2d 481, 483 (Miss. 1966) (citing *Hooker v. Hooker*, 18 Miss. (S. & M.) 599 (1848); *Brown v. Wilcox*, 22 Miss. (14 S. & M.) 127 (1850); *Richards v. City Lumber Co.*, 101 Miss. 678, 57 So. 977 (1912); *Power v. Calvert Mortg. Co.*, 112 Miss. 319, 73 So. 51 (1916); *State ex rel. Knox v. Union Tank Car Co.*, 151 Miss. 797, 119 So. 310 (1928); *Bell v. Union & Planters Bank & Trust Co.*, 158 Miss. 486, 130 So. 486 (1930); *Miss. Cent. R.R. Co. v. City of Hattiesburg*, 163 Miss. 311, 141 So. 897 (1932); *City of Lumberton v. Schrader*, 176 Miss. 272, 168 So. 77 (1936); *Jefferson Standard Life v. Dorsey*, 178 Miss. 852, 173 So. 669 (1937); *U.S. Fid. & Guar. Co. v. Maryland Cas. Co.*, 191 Miss. 103, 199 So. 278 (1941); *McCullen v. State ex rel. Alexander*, 217 Miss. 256, 63 So. 2d 856 (1953); *Klaas v. Cont'l S. Lines*, 225 Miss. 94, 82 So. 2d 705 (1955); *Horne v. State Bldg. Comm'n*, 233 Miss. 810, 103 So. 2d 373 (1958)).

¶19.    Black's Law Dictionary defines "retroactive" as "extending in scope or effect to matters that have occurred in the past."[10]  It defines "retroactive law" as "[a] legislative act that looks backward or contemplates the past, affecting acts or facts that existed before the act came into effect."[11]

¶20.    Rochell does not ask this Court to apply a new statute to "matters that have occurred in the past."  Rather, he argues that newly enacted parole statutes should apply to his presently existing parole-eligible status, and his request to be paroled, a request he made after the statutes were enacted.  The very cases cited by the majority on the prospective/retroactive standard confirm that this standard does not apply to Rochell's claim.

¶21.    For instance, in *Mladinich v. Kohn*, we considered whether Mississippi's newly enacted long-arm statute applied to a tort committed before its enactment.[12]  Similarly, in *Hudson v. Moon*, we considered whether the repeal of a statute affecting certain property interests affected an interest that vested in the property prior to the repeal.[13]  Here, by contrast, we consider what statutes control a present parole request made by a presently parole-eligible inmate.

---

[10] *Retroactive*, Black's Law Dictionary 1122 (abr. 9th ed.).

[11] *Retroactive Law*, Black's Law Dictionary 1122 (abr. 9th ed.).

[12] *Mladinich*, 186 So. 2d at 481.

[13] *Hudson v. Moon*, 732 So. 2d 927, 931 (Miss. 1999).

¶22.    Because this case does not concern the prospective/retroactive distinction, our analysis should begin with the plain language of the statutes at issue. Rochell claims he is entitled to the benefit of Mississippi Code Section 47-7-18(1), which provides:

(1)    Each inmate eligible for parole pursuant to Section 47-7-3, shall be released from incarceration to parole supervision on the inmate's parole eligibility date, without a hearing before the board, if:

   (a)    The inmate has met the requirements of the parole case plan established pursuant to Section 47-7-3.1;

   (b)    A victim of the offense has not requested the board conduct a hearing;

   (c)    The inmate has not received a serious or major violation report within the past six (6) months;

   (d)    The inmate has agreed to the conditions of supervision; and

   (e)    The inmate has a discharge plan approved by the board.[14]

Rochell argues that the language—"[e]ach inmate eligible for parole pursuant to Section 47-7-3"—unambiguously provides that this statutes applies to every parole-eligible offender, and that he is one such person. While this argument, in isolation, has some merit, we have held that an apparent conflict between two statutes which concern the same subject matter results in ambiguity necessitating resort to rules of statutory construction.[15]

¶23.    Here, such an apparent conflict exists. Viewed in isolation, Section 47-7-18(1) appears to say that *all parole-eligible offenders* will receive parole without a hearing if the enumerated conditions exist. But Mississippi Code Section 47-7-13 states "[a] decision to

[14] Miss. Code Ann. § 47-7-18(1) (Rev. 2015).

[15] *Tunica Cty. v. Hampton Co. Nat'l Sur., LLC*, 27 So. 3d 1128, 1133 (Miss. 2009).

parole an offender convicted of murder or a sex-related crime shall require the affirmative vote of three (3) members."[16] Obviously, under this statute, one convicted of murder—like Rochell—cannot be entitled to automatic parole because his parole is contingent on an affirmative vote of three members of the Parole Board. Thus, the two statutes governing a common subject, parole, conflict.

¶24.   "It is a well-settled rule of statutory construction that 'when two statutes pertain to the same subject, they must be read together in light of legislative intent.'"[17] "Following the rules of statutory construction, repeal of statutes by implication is not favored."[18] "'[W]here in a subsequent statute there is no express repeal of a former, the court will not hold the former to be repealed by implication, unless there is a plain and unavoidable repugnancy between them.'"[19] "We have said that 'statutes on the same subject, although in apparent conflict, should if possible be construed in harmony with each other to give effect to each.'"[20]

---

[16] Miss. Code Ann. § 47-7-13 (Rev. 2015).

[17] *Tunica Cty.*, 27 So. 3d at 1133 (quoting *Lenoir v. Madison Cty.*, 641 So. 2d 1124, 1129 (Miss. 1994)).

[18] *Tunica Cty.*, 27 So. 3d at 1133 (citing *Roberts v. Miss. Republican Party State Exec. Comm.*, 465 So. 2d 1050, 1051 (Miss. 1985)).

[19] *Tunica Cty.*, 27 So. 3d at 1133–34 (quoting *Roberts*, 465 So. 2d at 1051).

[20] *Tunica Cty.*, 27 So. 3d at 1134 (quoting *Miss. Gaming Comm'n v. Imperial Palace of Miss.*, 751 So. 2d 1025, 1029 (Miss. 1999)).

¶25. Further, "[t]his Court has also recognized that in resolving the conflict of specific versus general statutory provisions: 'To the extent that two constitutional or statutory provisions overlap or conflict, specific provisions control over general provisions.'"[21]

¶26. With two statutory provisions concerning parole in conflict, the more specific statute requiring an affirmative vote to parole those convicted of murder and sex offenses must control over the more general statute granting presumptive parole. The only way to read these two statutes in concert—which this Court must do if possible—and avoid finding that Section 47-7-13 has been repealed implicitly, is to conclude that those convicted of murder, like Rochell, are not entitled to the benefit of Section 47-7-18(1).

**KITCHENS AND KING, JJ., JOIN THIS OPINION**.

---

[21] ***Harrison v. State***, 800 So. 2d 1134, 1137 (Miss. 2001) (quoting ***Yarbrough v. Camphor***, 645 So. 2d 867, 872 (Miss. 1994)).