LAMAR, JUSTICE,
FOR THE COURT:
¶ 1. Arvin Rochell, pro se, appeals the Calhoun County Circuit Court’s denial of his petition for post-conviction relief. We affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. In 1992, Arvin Rochell was indicted for two counts of capital murder for killing Hazel and Nell McMahan, and for one count of arson. Rochell v. State, 748 So.2d 103, 105 (Miss. 1999). In 1994, Rochell pleaded guilty to one reduced count of murder and to arson. Id. at 105-06. The trial judge sentenced him to life for the murder and to twenty years for the arson, to run concurrently. Id. at 106,
¶ 3. Rochell filed the petition for post-conviction relief at issue in this appeal on May 12, 2015. Rochell styled his petition as a “Motion to Clarify Parole Eligibility” and argued that he was “being unlawfully held in custody due to [the] Mississippi Department of [Corrections’] holding that he is ineligible for parole under [Mississippi Code Section] 47-7-18(l)[.]” Rochell cited the first part of Section 47-7-18(1), which states that “Each inmate eligible for parole pursuant to Section 47-7-3, shall be released from incarceration to parole supervision on the inmate’s parole eligibility date, without a hearing before the board, if ....”[1] Relying on this language, Rochell argued that all parole-eligible inmates like himself “are now subject to the new parole release procedures in 47-7-18.” As such, argued Rochell, the Mississippi Department of Corrections (MDOC) was incorrect when it determined that Section 47-7-18 applied only to inmates sentenced after July 1, 2014, the date that Section 47-7-18 took effect.
¶ 4. The trial judge denied[2] Rochell’s petition, finding that Section 47-7-3.1 “contemplates inmates sentenced after July 1, 2014,” as it provides that the MDOC shall complete a case plan for all inmates “within ninety (90) days of admission.” Miss. Code Ann. § 47-7-3.1(2) (Rev. *774 2015).[3] As such, the trial judge ruled that Rochell was not entitled to a case plan and therefore was not entitled to any relief. Rochell now appeals and presents two issues:
I. Whether [Section] 47-7-18 applies retroactively to all parole-eligible offenders; and
II. Whether [Section] 47-7-18(1) creates a liberty interest protected by the Due Process Clause.
We fínd Rochell’s first issue dispositive and therefore decline to address his second issue.
ANALYSIS
¶ 5. ‘When reviewing a lower court’s decision to deny a petition for post conviction relief this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Brown v. State, 731 So.2d 595, 598 (Miss. 1999). But when questions of law are raised, the applicable standard of review is de novo. Id. Statutory interpretation is a question of law. Tipton v. State, 150 So.3d 82, 84 (Miss. 2014).
¶ 6. Rochell argues that “Section 47-7-18(1) makes release mandatory upon certain findings.” Specifically, Rochell argues that Section 47-7-18(1)’s language is “plain and unambiguous” and emphasizes the word “shall”: “[e]ach inmate eligible for parole pursuant to Section 47-7-3, shall be released from incarceration to parole supervision on the inmate’s parole eligibility date .... ” Based on this language, Rochell argues that “all offenders eligible for parole pursuant to [Section] 47-7-3 are now subject to the parole release procedures in [Section] 47-7-18, as a matter of statutory law notwithstanding when convicted.”
¶ 7. The State argues that Section 47-7-18 does not apply retroactively to offenders sentenced prior to July 1, 2014. But Rochell counters that Section 47-7-18 “does not state that it only applies to inmates sentenced after July 1, 2014. If the [Legislature] wanted to limit applicability of [Section] 47-7-18 to inmates convicted after July 1, 2014, it could have easily done that. But, there is no exclusion clause in the Statute.”
¶ 8. But this Court consistently has held the exact opposite: that statutes will be applied prospectively, unless the statute clearly provides that it is retroactive. In Mladinich v. Kohn, this Court wrote that “[a] statute will not be given retroactive effect unless it is manifest from the language that the legislature intended it to so operate.” Mladinich v. Kohn, 186 So.2d 481, 483 (Miss. 1966). “[A statute] will not be construed as retroactive unless the words admit of no other construction or meaning, and there is a plain declaration in the act that it is.” Id. (emphasis added). “In short, [prior caselaw] illustrate^] a well-settled attitude of statutory interpretation: A preference that it be prospective only, and a requirement that there should be a clearly expressed intent in the act to make it retrospective. Id. (emphasis added). And in Hudson v. Moon, this Court said that it has “continuously followed the rule that statutes will be construed to have a prospective operation only, unless a contrary intention is manifested by the clearest and most positive expression.” Hudson *775 v. Moon, 732 So.2d 927, 930-31 (Miss. 1999) (emphasis added).
¶ 9. With this standard in mind, we see no “plain declaration” or “clearly expressed intent” that Section 47-7-18 applies retroactively. On the contrary, we note at least four other indicators that show the Legislature did not intend that section to apply retroactively. First, as noted by the trial judge, Section 47-7-3.1(2) states that “[w]ithin ninety (90) days of admission, the department shall complete a case plan on all inmates .... ” Miss. Code Ann. § 47-7-3.1 (Rev. 2015) (emphasis added). Clearly, that statutory requirement cannot be satisfied in Roc-hell’s case, as he was “admitted” to the MDOC’s custody in 1994.
¶ 10. Second, Section 47-7-2 defines “Parole case plan,” in pertinent part, as “an individualized, written accountability and behavior change strategy developed by the department in collaboration with the parole board to prepare offenders for release on parole at the parole eligibility date.” Miss. Code Ann. § 47-7-2 (Rev. 2015).[4] Again, a “case plan,” as defined by the Legislature, has no application to Roc-hell, as his parole eligibility date passed years ago.
¶ 11. Third, Section 47-7-13—which was left unchanged by the 2014 amendments— states that “[a] decision to parole an offender convicted of murder or a sex-related crime shall require the affirmative vote of three (3) members.” Miss. Code Ann. § 47-7-13 (Rev. 2015). But importantly, the 2014 amendments specifically exclude those convicted of crimes of violence or sex crimes on or after July 1, 2014, from parole eligibility altogether. So again, the statutory scheme clearly contemplates different treatment for those convicted on or after July 1, 2014, and those convicted before that time, such as Rochell.
¶ 12. Finally, the Legislature did not repeal Sections 47-7-5[5] and 47-7-17, which describe the duties of the Parole Board and the procedures for parole hearings in non-“presumptive parole” cases.[6] In other words, the preservation of those two statutes belies Rochell’s argument that the Legislature meant for Section 47-7-18— i.e., the “presumptive parole” statute—to apply to all parole-eligible inmates.
¶ 13. In short, we find nothing in Section 47-7-18 that indicates the Legislature’s intent that it apply retroactively “by the clearest and most positive expression.” As such, we agree with the trial judge that Rochell is entitled to no relief, and we therefore affirm his denial of Rochell’s petition. And because we find that Section 47-7-18 does not apply to Rochell, we decline to address his argument that that section creates a liberty interest protected by the Due Process Clause.
CONCLUSION
¶ 14. For the foregoing reasons, we find that Section 47-7-18 does not apply retroactively. As such, we affirm the judgment of the Calhoun County Circuit Court.
¶ 15. AFFIRMED.
*776 WALLER, C.J., RANDOLPH, P.J., COLEMAN, MAXWELL AND BEAM, JJ., CONCUR. DICKINSON, P.J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS AND KING, JJ.

. The entirety of Section 47-7-18(1) reads as follows:
(1) Each inmate eligible for parole pursuant to Section 47-7-3, shall be released from incarceration to parole supervision on the inmate’s parole eligibility date, without a hearing before the board, if:
(a) The inmate has met the requirements of the parole case plan established pursuant to Section 47-7-3.1;
(b) A victim of the offense has not requested the board conduct a hearing;
(c) The inmate has not received a serious or major violation report within the past six (6) months;
(d) The inmate has agreed to the conditions of supervision; and
(e) The inmate has a discharge plan approved by the board.
Miss. Code Ann. § 47-7-18(1) (Rev. 2015).

. The trial court initially had dismissed Roc-hell’s petition and directed him to "first pursue this request within the Mississippi Department of Corrections Administrative Review Program.” Rochell then filed a "Notice of Exhaustion,” explaining that he previously had sought rélief with the MDOC, but was informed by the MDOC that it "does not handle Parole Board Matters.” But the trial court again dismissed Rochell’s petition, finding that he had failed to name the proper party as a defendant. Rochell then filed a "Motion for Relief From Judgment” and asked the trial court to "relieve him of the prior dismissal and reopen the proceedings.” The trial court then considered the merits of Rochell's petition and ultimately denied it, as detailed above.

. Although the trial judge did not specifically reference Section 47-7-18, we note that the first requirement for an inmate to receive parole without a hearing under that section is that the inmate “has met the requirements of the parole case plan established pursuant to Section 47-7-3.1.” See Miss. Code Ann. § 47-7-18(1)(a) (Rev. 2015). Both Sections 47-7-18 and 47-7-3.1 were added to the statutory scheme via House Bill 585, which took effect on July 1, 2014.

. Notably, the definition of "Parole case plan" was added to Section 47-7-2 as part of the 2014 amendments (i.e., House Bill 585).

. In fact, the 2014 amendments extended Section 47-7-5's repealer provision from July 1, 2014, until July 1, 2018.

. For instance, Section 47-7-17 mandates that "[p]arole release shall, at the hearing, be ordered only for the best interest of society, not as an award of clemency .... ” Miss. Code Ann. § 47-7-17 (Rev. 2015). Section 47-7-18 contains no such requirement. Section 47-7-17 also allows the Parole Board to require parolees to submit to "any type of breath, saliva or urine chemical analysis test[.]” Section 47-7-18 mentions no such tests.