248 So.2d 790 (1971)
MISSISSIPPI REAL ESTATE COMMISSION
v.
Mrs. Willie C. RYAN.
No. 46267.
Supreme Court of Mississippi.
May 31, 1971.
*791 A.F. Summer, Atty. Gen., by P. Roger Googe, Jr., Special Asst. Atty. Gen., Jackson, for appellant.
Williams & Williams, Poplarville, for appellee.
RODGERS, Justice:
This appeal grew out of a series of complaints filed by individuals against the appellee with the Mississippi Real Estate Commission charging that the appellee violated several provisions of Mississippi Code 1942 Annotated section 8920-11 (1956). All charges were dismissed except a charge said to have been filed by Mr. and Mrs. James A. Osbourn in which it is said that the appellee, Mrs. Willie C. Ryan, falsely represented to them that there was an outstanding mortgage against the property purchased by them for "approximately $18,000" when, in fact, the mortgage indebtedness was almost $20,000.
The Real Estate Commission gave notice to the appellee, Mrs. Ryan, of the charges and the record indicates that a hearing was had. One of the witnesses at the hearing testified that their complaint was: "We were falsely misrepresented when we bought the house. We were told, and we have the contract to show that there was $18,000 owing on the house when in fact there was $19,918.64."
At the close of the evidence on the hearing, the Commission dismissed all charges except the alleged charge of the Osbourns.
The Commission found the appellee guilty of the alleged charge in the following language:
I. Guilty of violating Section (13) of the Real Estate Brokers License Act of 1954 as amended, which reads as follows:
"Any act or conduct, whether of the same or a different character than hereinabove specified, which constitutes or demonstrates bad faith, incompetency or untrustworthiness, or dishonest, fraudulent or improper dealing."
II. Guilty of violating the Code of Ethics of the National Association of Real Estate Boards, being article four, which reads as follows:
"The realtor should ascertain all pertinent facts concerning every property for which he accepts the agency, so that he may fulfill his obligation to avoid error, exaggeration, misrepresentation or concealment of pertinent facts."
*792 The authority of the administrative agency of real estate brokers to revoke the license of a real estate broker is contained in Section 8920-11 Mississippi Code 1942 Annotated (1956). The pertinent parts of this section are as follows:
The commission may, upon its own motion and shall upon the verified complaint in writing, of any person, hold a hearing for the refusal of license, or the suspension or revocation of a license previously issued. The commission shall have full power to refuse a license, for cause or to revoke or suspend a license where it has been obtained by false or fraudulent representation, or where the licensee in performing or attempting to perform any of the acts mentioned herein, is deemed to be guilty of:
(1) Making any substantial misrepresentation, or
* * * * * *
(13) Any act or conduct, whether of the same or a different character than hereinabove specified, which constitutes or demonstrates bad faith, incompetency or untrustworthiness, or dishonest, fraudulent or improper dealing.
The authorized hearing of the Commission is set forth in Section 8920-12 Mississippi Code 1942 Annotated (Supp. 1970), the pertinent parts of which are in the following language:
(a) The commission is hereby authorized and directed to take legal action against any violator of this act. Upon complaint initiated by the commission or filed with it, the licensee or any other person charged with a violation of this act shall be given fifteen (15) days' notice of the hearing upon the charges filed, together with a copy of the complaint. The applicant or licensee or other violator shall have an opportunity to be heard thereon in person or by counsel, to offer testimony in his behalf and to examine witnesses appearing in connection with the complaint. * * *
The defendant, Mrs. Ryan, appealed from the adverse holding of the Commission to the Circuit Court of Pearl River County. The circuit court reversed the order of the Real Estate Commission upon the grounds that the order of the Commission was "contrary to law and not supported by substantial evidence."
The Real Estate Commission has appealed from the judgment of the circuit court to this Court and contends that the judgment should be reversed and the order of the Commission reinstated because, it is said, the Commission had sufficient evidence upon which to suspend the license of Mrs. Ryan and that the test on review of the decision of an administrative agency is whether such decision is supported by substantial evidence or whether such action is arbitrary, capricious, unreasonable or an abuse of discretion.
We affirm the judgment of the circuit court for the following reasons. Section 8920-11 Mississippi Code 1942 Annotated (1956) requires that the Commission may hold a hearing of its own motion, or on a verified complaint in writing. There is no verified complaint in this record, although the attorney for the Commission stated that he would introduce the complaint, and the order of the Commission states, "See Appendix 7 attached to the Transcript of the Testimony for full complaint of Osbourns." Nevertheless, there is no verified complaint in the record. We are not apprised, therefore, as to what charges were made against the respondent, appellee here.
Section 8920-12 Mississippi Code 1942 Annotated (Supp. 1970) requires that notice be given to the respondent and that a copy of the complaint be given to the person charged. We find nothing in the record showing that this process was served upon the respondent. It is apparent, therefore, that we do not know with what the respondent was charged. The record does show that the Commission found the respondent guilty of having violated Section *793 11(13) of the Act of 1954, but it goes further and finds the respondent guilty of violating the "Code of Ethics" of the National Association of Real Estate Boards. We find no specification in the list of reasons given for the revocation of a broker's license set out in Section 8920-11 Mississippi Code 1942 Annotated (1956) whereby a broker's license may be revoked or suspended for being guilty of violating the Code of Ethics of the National Association of Real Estate Boards.
But, more than this, if the record had been perfected and proper charges had been made, still the order of the Commission could not prevail because there is no substantial evidence to sustain the intended charges expressed in the order of the Commission, that is to say:
Any act or conduct, whether of the same or a different character than hereinabove specified, which constitutes or demonstrates bad faith, incompetency or untrustworthiness, or dishonest, fraudulent or improper dealing.
Throughout the testimony of the complainants both Mr. and Mrs. Osbourn used the expressions: "I was under the impression"; "we were told and we have the contract to show"; "it is on the contract here that there was $18,000 owing on the house." There is only one place in the record where the testimony indicates that Mrs. Ryan misled the Osbourns in any respect. Mr. Osbourn said:
A. Well we had it as an oral understanding and then I had the contract.
Q. That is what I am getting at  oral  we who?
A. Mrs. Ryan and myself and my wife.
The testimony of the Osbourns is based upon what they thought the contract said so as to bind Mrs. Ryan. The contract, however, expressly says:
Seller certifies that there are no liens on property or unpaid items, except that certain first deed of trust securing FHA loan.
and, later, the contract sets out this item to be "approximately $18,000." Leroy J. Elliott and Dorothy A. Elliott were the sellers, not Mrs. Ryan.
The testimony is unclear, but it is apparent that the Osbourns were under the impression that Mrs. Ryan was in a sense representing to them that there were only "approximately $18,000 due." We do not believe that the fact that the Osbourns were under some impression is sufficient substantial evidence on which to base an order revoking the license of the respondent Ryan to do business as a real estate broker. There is nothing in the record to show that Mrs. Ryan intentionally misled the Osbourns.
The authority of the Real Estate Commission to revoke the license of a broker under Section 8920-11 Mississippi Code 1942 Annotated (1956) is a right given to the Commission to take from the licensee the right to do business and make a living in the practice of his profession. Such authority should be exercised with caution. See: Mississippi State Board of Dental Examiners v. Mandell, 198 Miss. 49, 21 So.2d 405 (1945); Mississippi Insurance Commission v. Savery, 204 So.2d 278 (Miss. 1967); 51 Am.Jur.2d Licenses and Permits section 58, page 62 (1970).
In order to take or suspend the license of a real estate broker under a charge of bad faith, incompetency or untrustworthiness, or dishonest, fraudulent or improper dealings, the proof need not be beyond a reasonable doubt, (2 Am.Jur.2d Administrative Law section 392, page 199 [1962]), but the testimony must clearly establish the guilt of the respondent. Proof of surmise, conjecture, speculation or suspicion is not sufficient. 2 Am.Jur.2d Administrative Law § 393 (1962).
The appellant contends that the administrative agency in the instant case had *794 before it sufficient substantial evidence on which to base its order and that its decision was not arbitrary, capricious, unreasonable nor an abuse of discretion. We cannot agree with this contention because substantial evidence means more than a scintilla; it must do more than create a suspicion, especially where the proof must show bad faith. 2 Am.Jur.2d Administrative Law § 688, page 572 (1962).
We hold, therefore, that the evidence shown of record is not sufficient to show bad faith or untrustworthiness on which to base an order suspending the license of respondent, Mrs. Willie C. Ryan. The judgment of the circuit court is, therefore, affirmed.
Affirmed.
ETHRIDGE, C.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.