# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-01592-SCT

**BOARD ON LAW ENFORCEMENT OFFICER
STANDARDS AND TRAINING**

**v.**

**ROGER VOYLES**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/14/97 |
| TRIAL JUDGE: | HON. JOHN C. ROSS, JR. |
| COURT FROM WHICH APPEALED: | ALCORN COUNTYCHANCERY COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DAVE SCOTT |
| ATTORNEY FOR APPELLEE: | PHIL R. HINTON |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND RENDERED - 2/4/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/12/99 |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. From May of 1981 to the present, Roger Voyles has worked for various law enforcement agencies. From May of 1981 through February of 1982, he was employed with the City of Savannah, Tennessee, as a patrolman. Following February of 1982 and until September of 1993, Mr. Voyles worked for either the City of Corinth police department or the Alcorn County Sheriff's Office for brief periods of time not exceeding one year. However, in September of 1993, Mr. Voyles again was employed with the Alcorn County Sheriff's Department and has served in that capacity until recently.

¶2. Because of an injury to his knee while in the line of duty, Voyles has been unable to attend the law enforcement officer's training academy. His physician recently decided his injury would not progress and was physically unable to complete the physical requirements of the academy. In April of 1997, Mr. Voyles made an application to the Board on Law Enforcement Officer Standards and Training (the "Board") to certify him under the grandfather clause and ratify his past four years at the sheriff's department.

¶3. He based his application for certification on two primary grounds. First, Voyles based his application on

the "grandfather clause" of Miss. Code Ann. § 45-6-11(1). Second, he argued that he had been properly employed without attending the academy, because of illness or other events beyond his control in accord with Miss. Code Ann. § 45-6-11(3)(a). On May 12, 1997, Voyles appeared before the Board in Starkville, Mississippi, and presented his application. On July 1, 1997, the Board denied his certification on the basis that the Board had no statutory authority to "grandfather" an officer who was serving in another state on July 1, 1981.

¶4. Aggrieved by the Board's decision, Voyles timely appealed to the Alcorn County Chancery Court on July 17, 1997. Following a hearing in October of 1997, the court issued an opinion and order on November 17, 1997. The chancellor reversed in holding the Board went beyond its scope of statutory authority by misinterpreting the statutory mandate. The chancellor held: (1) that his continuous employment from September of 1993 to July of 1997 is ratified and approved, because Voyles is unable to complete the requirements due to illness or other events beyond his control, as provided in Section 45-6-11(3)(a), and he is entitled to be "grandfathered" under Section 45-6-11(1); and (2) the Board must certify Voyles under the grandfather provisions of Section 45-6-11, but did not limit the Board's authority to require him to complete an academic course generally required of officers out of service for over two years.

¶5. Aggrieved by the Chancellor's reversal, the Board appeals to this Court and raises the following two issues:

**I. DOES THE BOARD ON LAW ENFORCEMENT OFFICER STANDARDS AND TRAINING HAVE THE AUTHORITY TO GRANDFATHER INTO CERTIFICATION AN EMPLOYEE OF A LAW ENFORCEMENT AGENCY WHO WAS SERVING IN AN OUT-OF-STATE JURISDICTION ON JULY 1, 1981?**

**II. DOES MISS. CODE ANN. SECTION 45-6-11(3)(a) MANDATE CERTIFICATION FOR A LAW ENFORCEMENT OFFICER WITH A DEGENERATIVE MEDICAL CONDITION WHO IS UNABLE TO ATTEND AND COMPLETE THE REQUIREMENTS OF THE LAW ENFORCEMENT ACADEMY?**

## STANDARD OF REVIEW

¶6. The decision of an administrative agency is not to be disturbed unless the agency order was unsupported by substantial evidence; was arbitrary or capricious; was beyond the agency's scope or powers; or violated the constitutional or statutory rights of the aggrieved party. *Sprouse v. Mississippi Employment Security Commission*, 639 So.2d 901, 902 (Miss.1994); *Mississippi Commission on Environmental Quality v. Chickasaw County Board of Supervisors*, 621 So.2d 1211, 1215 (Miss.1993); *Melody Manor Convalescent Center v. Mississippi State Department of Health*, 546 So.2d 972, 974 (Miss.1989). There is a rebuttable presumption in favor of the agency's decisions; the burden of proving to the contrary is on the challenging party. *Sprouse*, 639 So.2d at 902; *Chickasaw County*, 621 So.2d at 1216.

¶7. Appellate review of an agency decision is limited to the record and the agency's findings. *Chickasaw County*, 621 So.2d at 1216; *Mississippi Employment Security Commission v. PDN, Inc.*, 586 So.2d 838, 840 (Miss.1991). The reviewing court cannot substitute its judgment for that of the agency or reweigh the facts of the case. *Sprouse*, 639 So.2d at 902; *Chickasaw County*, 621 So.2d at 1216; *Mississippi Public Service Commission v. Merchants Truck Line, Inc.*, 598 So.2d 778, 782

(Miss.1992). Chancery and circuit courts are held to the same standard as this Court when reviewing agency decisions. *Chickasaw County*, 621 So.2d at 1215. When this Court finds that the lower court has exceeded its authority in overturning an agency decision, we will reverse and reinstate the agency's decision. *Chickasaw County*, 621 So.2d at 1215; *Merchants Truck Line*, 598 So.2d at 782.

## DISCUSSION OF LAW

¶8. The Board first offers its view of the purpose and design of Section 45-6-1 *et. seq.* Appellee Voyles does not object to the Board's conclusions in this regard. Prior to July of 1981, there was no uniform training or standards of training for law enforcement officers in this state. With the enactment of statute in 1981, the Board was created along with enforcement powers and responsibilities to certify law enforcement officers in this state. Miss. Code Ann. § 45-6-1 *et. seq.* (Supp. 1996). The basic objective of this legislation was to provide small towns and counties with the same quality and level of law officer training that was available in larger cities and counties as well as making the training criteria uniform for all law enforcement officers.

## I. DOES THE BOARD ON LAW ENFORCEMENT OFFICER STANDARDS AND TRAINING HAVE THE AUTHORITY TO GRANDFATHER INTO CERTIFICATION AN EMPLOYEE OF A LAW ENFORCEMENT AGENCY WHO WAS SERVING IN AN OUT-OF-STATE JURISDICTION ON JULY 1, 1981?

¶9. Section 45-6-11(1), the "grandfather" clause, provides in pertinent part as follows:

> (1) Law enforcement officers already serving under permanent appointment on July 1, 1981 and personnel of the division of community services under Section 47-7-9, Mississippi Code of 1972, serving on July 1, 1994, shall not be required to meet any requirement of subsections (3) and (4) of this section as a condition of continued employment; nor shall failure of any such law enforcement officer to fulfill such requirements make that person ineligible for any promotional examination for which that person is otherwise eligible.

Miss. Code Ann. § 45-6-11(1) (Supp. 1997)[1]. The term "law enforcement officer" is defined at section 45-6-3(c), as follows:

> (c) "Law enforcement officer" means any person appointed or employed full time by the state or any political subdivision thereof, who is duly sworn and vested with authority to bear arms and make arrests, and whose primary responsibility is the prevention and detection of crime, the apprehension of criminals and the enforcement of the criminal and traffic laws of **this state** and/or the ordinances of any political subdivision thereof.

Miss. Code Ann. § 45-6-3(c) (Supp. 1997)(emphasis added).

¶10. The Board contends that it has no statutory authority or jurisdictional basis to grandfather a law enforcement officer serving in a foreign jurisdiction on July 1, 1981. The Board cites Mississippi case law for the proposition that it is vested only with the statutory authority conferred by statute and that which is necessarily implied. *Mississippi State Bd. of Pharmacy v. Steele*, 317 So.2d 33, 35 (Miss. 1975); *Mississippi Milk Comm'n v. Winn-Dixie Louisiana, Inc.*, 235 So.2d 684 (Miss. 1970). The Board applies a strict, literal interpretation and asserts that without question the statute defines and contemplates that those eligible for grandfathering are law enforcement officers in service in Mississippi on July 1, 1981.

The Board submits that the chancellor's liberal interpretation of the statutes was an abuse of discretion that should be reversed. We agree.

¶11. In contrast, Voyles contends that the Board made a overly narrow interpretation of the statutes which the chancellor correctly remedied. Voyles points to Section 45-6-3, designated "Definitions," and its preamble which states, "For the purposes of this chapter, the following words shall have the meanings ascribed herein, *unless the context shall otherwise require* . . ." Miss. Code Ann. § 45-6-3 (Supp. 1997). Since the term "law enforcement officer" is defined in this section, as above, Voyles contends that the chancellor correctly interpreted the statutes in their proper context to grandfather him.

¶12. The Board responds that the proper context would be to grandfather him if he had successfully completed an equivalent academy in another state. It is uncontested that Voyles never received training from an officer training academy in any state. The Board argues that this is where the chancellor clearly erred. The chancellor stated that subsequent amendments to Miss. Code Ann. Section 45-6-1 *et. seq*. revealed the Board's narrow construction of the statute as unwarranted. The Board thinks that the chancellor was likely alluding to Section 45-6-11(6), which provides as follows:

> (6) The board shall issue a certificate evidencing satisfaction of the requirements of subsections (3) and (4) of this section to any applicant who presents such evidence as may be required by its rules and regulations of satisfactory completion of a program or course of instruction in another jurisdiction equivalent in content and quality to that required by the board for approved law enforcement officer education and training programs in this state, and has satisfactorily passed any and all diagnostic testing and evaluation as required by the board to ensure competency.

Miss. Code Ann. § 45-6-11(6) (Supp. 1997). The Board argues that this express grant of authority in subsection 6 does not equate into legislative authority to grandfather out-of-state officers as of July 1, 1981. We agree.

¶13. Voyles directs this Court's attention to the instructive case of *Mississippi State Bd. of Veterinary Examiners v. Love*, 246 Miss. 491, 150 So.2d 532 (Miss. 1963). In *Love*, the Board of Veterinary had refused to license Mr. Love under a grandfather clause, a decision the chancellor reversed and this Court affirmed. *Id*. at 534. The Veterinary Board hearing revealed that Mr. Love had practiced veterinary medicine for approximately ten years part-time. The Veterinary Board interpreted the grandfather clause to require exclusive practice. *Id*. This Court held, as follows:

> The additional revenue was necessary and we do not think he should be condemned for undertaking to do this work. The Board seemed to put a good deal of emphasis on this feature of the case, and it seems to be the principal argument regarding his qualification under the grandfather clause. However, **this clause does not say that he must have exclusively practiced**, and it is not necessary that he exclusively devote his time to the practice of veterinary medicine, surgery and dentistry. As said in one of the other cases, we think this was the type of men whom the legislature intended to cover by the grandfather clause.

*Id*. Voyles argues that the statute in the case *sub judice* also has no exclusivity clause, and thus, the question of interpretation of the statute is for this Court.

¶14. Moreover, Voyles states that he was serving as a full-time law enforcement officer in July of 1981,

albeit in a foreign jurisdiction; however, he claims to be the type of person intended to be covered by the grandfather clause. Further, he contends that the ultimate decision of this Court will affect his ability to earn a living at his chosen occupation. Where an administrative agency wields such power over the livelihood of our citizens, the Court has held that "[s]uch authority should be exercised with caution." *Harris v. Mississippi Real Estate Comm'n,* 500 So.2d 958 (Miss. 1986)(*quoting Mississippi Real Estate Comm'n v. Ryan*, 248 So.2d 790, 793 (Miss. 1971)).

¶15. This Court has previously found that a chancellor exceeded his authority in reversing the Board of Law Enforcement Officer's Standards and Training. *Bd. of Law Enforcement Officer's Standards and Training v. Butler*, 672 So.2d 1196 (Miss. 1996). The Board refused to re-certify Butler who had been convicted of beating a suspect. *Id*. at 1197-1198. On appeal, the chancellor reversed the decision as arbitrary and capricious and added to the record other proof and testimony that was available. *Id*. at 1198. This Court reversed the chancellor as having exceeded his authority by offering no reason for his conclusion the Board had acted in an arbitrary and capricious manner and by going beyond the record to receive other testimony. *Id*. at 1201. In the case *sub judice*, the chancellor committed no such errors. However, we cannot agree with the chancellor's interpretation of the statute.

¶16. This Court has held, as follows:

> [S]tatutes should be given a reasonable construction, and if susceptible of more than one interpretation, they must be given that which will best effectuate their purpose rather than one which would defeat it. *Brady v. John Hancock Mut. Life Ins. Co.*, 342 So.2d 295 (Miss.1977). Yet, a statute must be read sensibly, even if doing so means correcting the statute's literal language. *Ryals v. Pigott*, 580 So.2d 1140 (Miss.1990), *cert. denied*, *O'Quinn v. Ryals*, 502 U.S. 940, 112 S.Ct. 377, 116 L.Ed.2d 328 (1991); *Aikerson v. State*, 274 So.2d 124 (Miss.1973)(holding that in construing statutes of doubtful meaning, the Supreme Court is required to consider consequences of a particular construction as to whether the result of such construction is good or bad).

*Pegram v. Bailey*, 708 So.2d 1307,1314 (Miss. 1997).

¶17. Therefore, this Court finds that the chancellor did exceed his authority in finding that Voyles was the type of person intended to be covered by the grandfather clause under the statute. When read in context of the whole, Sections 45-6-11(1) and 45-6-3(c) are to be interpreted so as to exclude law enforcement officers who began service in other jurisdictions like Voyles.

## II. DOES MISS. CODE ANN. SECTION 45-6-11(3)(a) MANDATE CERTIFICATION FOR A LAW ENFORCEMENT OFFICER WITH A DEGENERATIVE MEDICAL CONDITION WHO IS UNABLE TO ATTEND AND COMPLETE THE REQUIREMENTS OF THE LAW ENFORCEMENT ACADEMY?

¶18. Section 45-6-11(3)(a) states in relevant part:

> Any person, who, due to illness or other events beyond his control, could not attend the required school or training as scheduled, may serve with full pay and benefits in such a capacity until he can attend the required school or training.

Miss. Code Ann. § 45-6-11(3)(a) (Supp. 1997). The Board contends that the chancellor created "a loophole where none exists." The Board asserts that the above subsection pertains to newly hired law

enforcement officers that are required to attend the academy within one year of the date of hire. However, if illness or events beyond their control, such as a death in the family, prevent them from attending within that year, this subsection above enables the government entity to continue to employ the trainee until such time as the trainee can attend.

¶19. Thus, Voyles should not be granted certification, because his injury prevents him from performing the physical training requirements, and it will likely never improve to the point where he could attend the academy. Voyles' doctor even stated in his letter to the Board that his condition will probably become progressively worse. Under the plain language of the section, the exception applies only to those who will later be able to attend. The chancellor's opinion would in effect mandate the Board to automatically certify any applicant with a degenerative medical condition who is unable to attend the academy.

¶20. Voyles does not contest the Board's interpretation of subsection (3)(a). Instead, Voyles correctly reads the chancellor's opinion as ratifying and approving his employment as a law enforcement officer since September 22, 1993, because he qualified under this subsection until his doctor determined he would likely never recover to the extent necessary to meet the physical requirements of the academy. Voyles points to Section 45-6-17(2), which imposes personal liability upon the state agency or political subdivision for the amount of payment for salaries to and equipment provided for any individual who does not meet the statute's requirements. Miss. Code Ann. § 45-6-17(2) (Supp. 1997).

¶21. Voyles states that in his original application for certification, his appeal, and in this appeal the Board was asked to ratify and approve his past employment as a law enforcement officer. Voyles requested this ratification to ascertain that he was personally taking all necessary steps to bring himself within the statutory protection for injured officers and to give his employer, the Alcorn County Sheriff's Department, some protection from Section 45-6-17(2). Chancellor Ross recognized that the Board had not addressed this issue upon proper application and entered a determination based upon the uncontradicted evidence supporting the request. Voyles correctly cites *Mississippi Dep't of Environmental Quality v. Weems* where this Court held that where an administrative agency refuses to act, the appellate court is fully within its authority to make a determination. 653 So.2d 266, 276 (Miss. 1995).

¶22. This Court has held in regards to Section 45-6-11 as follows:

> All police officers are required to be certified as being qualified by the laws of the State of Mississippi in order to remain employed after a year. Section 45-6-11(3)(a) (1993) of the Miss. Code Ann. reads in pertinent part as follows: "No person shall be employed as a law enforcement officer by any law enforcement unit for a period to exceed one (1) year unless that person has been certified as being qualified under the provisions of subsection (4) of this section." *Clarksdale was required to dismiss Hawkins due to his failure to meet certain statutory requirements*.

*Clarksdale v. Mississippi Emp. Sec. Com'n*, 699 So.2d 578, 582-583 (¶23) (Miss. 1997)(emphasis added). The same can be said of the Alcorn County Sheriff's Department for retaining Voyles from 1993 to 1997 without proper academy certification, except for the fact that he was injured in the line of duty before going to the academy and was thus unable to attend due to illness and events beyond his control under Section 45-6-11(3).

¶23. Therefore, the chancellor properly ratified and approved Voyles continued employment for four years without certification under Section 45-6-11(3) until such time as it became clear that his condition would

never allow him to attend the academy. In so doing, the chancellor did not create a "loophole where clearly none exists" for the automatic certification of all those with a degenerative medical condition. The Board missed the point of the request for ratification of Voyles' past service. However, nothing in this issue should be read as to create a loophole for Voyles' continued employment.

## CONCLUSION

¶24. The chancellor acted properly in ratifying and approving Voyles' past service to the Alcorn County Sheriff's Department, and in so doing, did not create a loophole through Miss. Code Ann. Section 45-6-11(3)(a). However, this Court finds that the chancellor did exceed his authority in finding that Voyles was the type of person intended to be covered by the grandfather clause under the statute. When read in context as a whole, Sections 45-6-11(1) and 45-6-3(c) are to be interpreted so as to exclude law enforcement officers who served prior to July 1, 1981, in **foreign** jurisdictions like Voyles. Hence, the chancellor's decision is reversed and rendered.

¶25. **REVERSED AND RENDERED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS AND ROBERTS, JJ., CONCUR. WALLER, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J., AND MILLS, J. McRAE, J., JOINS IN PART.**


    **WALLER, JUSTICE, DISSENTING:**


¶26. Roger Voyles was a deputy sheriif in the Alcorn County Sheriff's Office. While making an arrest, Voyles suffered an injury to his knee. As a result of that injury, sustained while in the course of employment and in the line of duty, Voyles is unable to complete the physical requirements at the law enforcement's training academy.

¶27. The majority finds that since Voyles was not employed in the State of Mississippi on July 1, 1981,[2] he is not entitled to the protection of the grandfather clause found in Miss. Code Ann. § 45-6-11(1) (Supp. 1998). Thus, the majority holds that a police officer, who is unable to meet the physical requirements to obtain certification in this state due to an injury incurred as a result of protecting the citizens of Mississippi, must now find employment in a profession other than one in which he has served for the better part of 20 years.

¶28. Statutes should be given a **reasonable** construction. *Brady v. John Hancock Mut. Life Ins. Co.* 342 So.2d 295, 303 (Miss. 1977)(emphasis added). "[I]f susceptible to more than one interpretation, they must be given that which will best effectuate their purposes rather than one which would defeat them." *Id*. (*citing Akers v. Estate of Johnson*, 236 So.2d 437 (Miss. 1970)). "Statutes should be read sensibly, and this is so even if it means correcting the statute's literal language." *Ryals v. Pigott*, 580 So.2d 1140, 1148 (Miss. 1990) (citing *Sheffield v. Reece*, 201 Miss. 133, 143, 28 So.2d 745, 749 (1947) and *Gandy v. Public Service Corp.*, 163 Miss. 187, 197, 140 So. 687, 689 (1932). Moreover, where a statute's meaning is doubtful or ambiguous, this Court is "required to consider the consequence of particular construction as to whether the result of such construction is good or bad." *Aikerson v. State*, 274 So.2d 124, 127 (Miss. 1973).

¶29. I agree wholeheartedly with the chancellor below. When reading Miss. Code Ann. §§ 45-6-11(1) & 45-6-3(c) (Supp. 1998) and considering the amendments since 1981, the term "law enforcement officer" in § 45-6-11 does not necessarily exclude those who do not meet the narrow definition found in § 45-6-3(c).

¶30. Finally, on a practical note, it is not unfathomable that in today's world of medical miracles and technological advances, a surgeon will be able to reconstruct Mr. Voyles' knee. At which time, Voyles could complete the physical requirements of academy certification and fall squarely within ambit Miss. Code Ann. § 45-6-11(3) (Supp. 1998). Today's decision precludes that possibility, however presently remote.

¶31. A reasonable interpretation of the above statutes leads to the conclusion that an officer injured in the line of duty should be permitted to remain in a non law enforcement capacity. I respectfully dissent.

**SULLIVAN, P.J., AND MILLS, J., JOIN THIS OPINION. McRAE, J., JOINS IN PART.**

1. On July 1,1998, the Legislature made statutory amendments to the sections at issue in this case. Although keeping the most of the same language, the sections were rearranged. Generally, constitutional and statutory amendments have prospective force only. ***Hord v. City of Yazoo City***, 702 So.2d 121,124-125 (¶16) (Miss. 1997)(Smith, J., dissenting opinion, joined by Prather, P.J.)(*citing **Mladinich v. Kohn***, 186 So.2d 481, 483 (Miss.1966)). This prospective force only always applies, "unless a contrary intention is manifested by the clearest and most positive expression." ***State ex rel. Moore v. Molpus***, 578 So.2d 624, 643 (Miss.1991)(*quoting **Mladinich***, 186 So.2d at 484). The Legislative intent with the 1998 amendments was to insert language throughout the section to include part-time law officers and trainees. Miss. Code Ann. § 45-6-11 (Supp. 1998)(see Amendment Note). Thus, there effect is prospective only. Hence, this memorandum will discuss the pre-1998 amended sections as interpreted by the lower court.

2. Voyles was employed as a full-time law enforcement officer in Savannah, Tennessee on this date.