994 So.2d 229 (2008)
Thomas Woodrow FARRIS, Sr. And Charlotte J. Kelly, Appellants,
v.
MISSISSIPPI REAL ESTATE COMMISSION, Appellee.
No. 2007-CC-00331-COA.
Court of Appeals of Mississippi.
May 20, 2008.
Rehearing Denied September 2, 2008.
Certiorari Denied November 6, 2008.
*230 John D. Watson, Southhaven, William F. Travis, attorneys for appellants.
John L. Maxey and Paul H. Kimble, Jackson, attorneys for appellee.
Before KING, C.J., IRVING and CHANDLER, JJ.
KING, C.J., for the Court.
¶ 1. Thomas Woodrow Farris, Sr. (Farris), and Charlotte Jean Kelly (Kelly) appeal the DeSoto County Circuit Court's affirmance of the Mississippi Real Estate Commission's order, which revoked Farris's and Kelly's real estate licenses and barred them from reapplying for another license for twenty-four months. On appeal, Farris and Kelly raise the following issues: (1) whether the circuit court erred *231 by affirming the Commission's ruling that Farris's and Kelly's actions constituted improper dealing, (2) whether the circuit court erred by affirming the Commission's ruling that Farris failed to instruct and supervise the Kellys, (3) whether the circuit court erred by affirming the Commission's ruling that Kelly acted independently of her supervising broker and performed real estate services without his full consent and knowledge, and (4) whether the circuit court erred by affirming the sanctions the Commission imposed upon Farris and Kelly. Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2. In July 2003, Richard Praytor, administrator of the Commission, received a telephone inquiry regarding whether or not it was proper for a closing attorney to issue a commission check to Farris Realty when the sales contract had a Century 21 logo. Upon further investigation, the Commission discovered that Charles Kelly (Charles) was the salesperson involved in the transaction in question. Charles worked for Century 21 Family Realtors in Germantown, Tennessee. Additionally, he and his wife, Kelly, collectively "the Kellys," engaged in real estate transactions in Mississippi as nonresident licensees. The Kellys operated under Farris's brokers license, and Farris was required to supervise their work. The Commission filed a complaint against Farris and the Kellys on February 11, 2004, and scheduled a hearing for April 12, 2004.
¶ 3. At the hearing, Charles testified that he used the Century 21 contracts for several Farris Realty transactions because the Century 21 form was much more ideal than the long Mississippi forms. The forms contained the Century 21 logo, but the Kellys were listed as the selling agents and Farris or Farris Realty was listed as the broker in the body of the contract.
¶ 4. The owner of Century 21 Family Realtors was unaware that Charles used his forms in these transactions. Farris and the Kellys did not know that using the Century 21 forms was an improper practice. They believed using the forms was acceptable as long as they disclosed that Farris Realty was actually participating in the transaction.
¶ 5. The Commission determined that Farris did not properly supervise the Kellys. During the hearing, all parties testified that Farris, who was approximately eighty years old at the time, was hospitalized with heart problems during the transactions in question. Investigator David Griffith testified that Farris was only provided a copy of the closing statement and a commission check at the close of the transactions. He did not see the listing agreements, sales contracts, working with a real estate broker forms, property condition disclosure statements, or any other documents concerning the transactions. Furthermore, the Kellys had a separate escrow account, and Farris gave Kelly permission to sign earnest money checks while he was in the hospital.
¶ 6. After the hearing, the Commission found that Farris and the Kellys were involved in improper dealing; Farris, as the responsible broker, failed to supervise the Kellys; and the Kellys acted independently of Farris. The Commission revoked their licenses and barred them from reapplying for another license for twenty-four months. On January 23, 2007, the circuit court affirmed the Commission's order, finding that it was supported by substantial evidence. Aggrieved, Farris and *232 Kelly filed this appeal.[1]

STANDARD OF REVIEW
¶ 7. An agency's decision will not be disturbed on appeal absent a finding that it (1) was not supported by substantial evidence, (2) was arbitrary and capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the complaining party. Mississippi Real Estate Comm'n v. Anding, 732 So.2d 192, 196(12) (Miss.1999).

ANALYSIS

I. Whether the circuit court erred by affirming the Commission's ruling that Farris's and Kelly's actions constituted improper dealing.
¶ 8. First, Farris and Kelly argue that this Court should apply a heightened scrutiny to the Commission's findings because the Commission's order is almost verbatim the allegations in the Commission's complaint. Generally, administrative findings of fact are not reviewed de novo on appeal; however, heightened scrutiny may apply where the Commission adopts its own allegations as findings and conclusions. Anding, 732 So.2d at 196(10) (citing Brooks v. Brooks, 652 So.2d 1113, 1118 (Miss.1995)).
¶ 9. In Brooks, a chancellor failed to make his own findings of fact and conclusions of law, instead, adopting verbatim the findings of fact and conclusions of law prepared by a litigant's attorney. Brooks, 652 So.2d at 1118. In Anding, the Commission's findings of facts and conclusions of law were taken entirely from the Commission's complaint against Anding. Anding, 732 So.2d at 196(10). The supreme court determined that the Commission alleged and determined that Anding was guilty of soliciting clients when no evidence of such existed in the record. Id. at 198(18).
¶ 10. In the instant case, the Commission's order is very similar to its complaint against Farris and Kelly. However, the Commission investigated the matter; the testimony during the hearing confirmed the Commission's suspicions; and Farris and Kelly did not present any evidence to rebut the Commission's allegations. Farris and Kelly merely claim they were unaware of any wrongdoing. Accordingly, this case does not require the heightened review that Farris and Kelly seek.
¶ 11. Second, the Commission's order found that Farris and Kelly violated the Mississippi Real Estate Brokers License Act, Mississippi Code Annotated section 73-35-21(1)(m) (Rev.2004), which states:
Any act or conduct, whether of the same or a different character than hereinabove specified, which constitutes or demonstrates bad faith, incompetency or untrustworthiness, or dishonest, fraudulent or improper dealing.
¶ 12. Farris and Kelly argue that in "cases wherein the Supreme Court held that the Commission's finding of improper dealing was supported by substantial evidence, there was some type of fraudulent or bad faith intent on the part of the real estate licensee" and harm inflicted to one or more parties to the action. See, e.g., Mississippi Real Estate Comm'n v. Hennessee, 672 So.2d 1209, 1218 (Miss.1996) (finding substantial evidence to suspend the broker's license where the broker misrepresented the existence of a termite inspection certificate); Smith v. Sullivan, 419 So.2d 184, 188 (Miss.1982) (finding substantial evidence that the broker committed improper dealing when he wrongfully *233 represented more than one party in a transaction). Farris and Kelly conclude that the Commission's revocation of their licenses was arbitrary and capricious because there is no evidence that they intended to defraud or misrepresent to anyone that Farris Realty was the broker involved in the transaction. Conversely, the Commission argues on appeal that there is substantial evidence that Farris and Kelly engaged in improper dealing, and Farris and Kelly failed to cite authority that requires a finding of fraud or malicious intent.
¶ 13. The Commission points to Mississippi Real Estate Commission v. McCaughan, 900 So.2d 1169 (Miss.Ct.App.2004) to rebut Farris's and Kelly's contentions. In McCaughan, a broker indicated that he was a disclosed dual agent when he was not and changed the sale price to provide funding for the settlement of a debt owed by the buyers. Id. at 1176-77(22). McCaughan, the supervising broker, argued that both parties were aware of the price change and agreed to it. Id. at 1176(21). The Court held, however, that the Commission's decision was based on substantial evidence:
Although these facts are true, the MREC was aware of these facts at the hearing, and they considered these facts in their holding that Lanthrip made substantial misrepresentations and conducted himself in a manner that demonstrates bad faith, incompetency or untrustworthiness.
Id.
¶ 14. Farris and Kelly cite several cases in which there was evidence of bad faith or fraudulent dealings on behalf of the real estate brokers involved; however, these cases do not support their contention that there must be a finding of fraud or malicious intent. In fact, the Commission's order specifically states that Farris and Kelly were in violation of section 73-35-21(1)(m) as to improper dealing only.
¶ 15. Farris and Kelly attempt to argue that "`improper' dealing implies fraudulent intent." Improper is defined as "[n]ot suitable," "unfit," "not suited to the character, time, and place," or "not in accordance with fact, truth, or right procedure...." Black's Law Dictionary 757 (6th ed.1990). There is no evidence that Farris and Kelly intended to defraud or misrepresent facts to buyers or sellers; however, there is substantial evidence in the record that they engaged in improper dealing. They admitted using Tennessee contracts, which did not comply with Mississippi law; and Farris admitted that he did not supervise the Kellys while he was hospitalized. These are unsuitable practices that are not in accordance with correct procedure for real estate practice in Mississippi and are punishable under section 73-35-21(1)(m). Therefore, the circuit court did not err in affirming the Commission's ruling that Farris's and Kelly's actions constituted improper dealing because there is substantial evidence in the record to support this finding. Farris's and Kelly's arguments that the Commission was required to find evidence of fraudulent intent is without merit.

II. Whether the circuit court erred by affirming the Commission's ruling that Farris failed to instruct and supervise the Kellys.
¶ 16. Farris argues that the circuit court erred when it affirmed the Commission's ruling that he failed to properly instruct and supervise the Kellys because the Commission unreasonably failed to take into account his illness and hospitalization as extenuating circumstances. The Commission ruled that Farris violated Mississippi Real Estate Broker Rule IV(A)(1), which provides:

*234 It shall be the duty of the responsible broker to instruct the licensees licensed under that broker in the fundamentals of real estate practice, ethics of the profession and the Mississippi Real Estate License Law and to exercise supervision of their real estate activities for which a license is required.
¶ 17. During the hearing, Investigator Griffith testified to the following:
Q. Did you discover during the course of your investigation any evidence that Mr. Farris was supervising the activities of either Mr. Kelly or Mrs. Kelly?
INVESTIGATOR: No, sir. It was the indication that they were just operating on their own.
Q. On what do you base that statement?
INVESTIGATOR: Mr. Farris himself saying ... after the transaction was closed, he received the settlement statement and also a commission check. Never saw the contract, listing agreements or anything like that.
Also, Praytor, the Commission's administrator, testified that Farris indicated that he knew nothing about the Kellys using the Century 21 forms. Furthermore, Farris's brief states, "Farris did not actively participate in the preparation or use of the form sales contract with the Century 21 Family Realtors [logo] on it." This is all undisputed evidence.
¶ 18. If Farris properly supervised the Kellys, he would have known about the improper use of the Century 21 forms. Farris points to no authority that suggests the Commission must make exceptions for his failure to supervise the Kellys based on extenuating circumstances. The Commission was well aware at the hearing that Farris had been hospitalized at the time of the transactions in question. The Commission considered this fact in holding that Farris violated the rule. See McCaughan, 900 So.2d at 1176(21). Because the Commission's findings were based on substantial evidence and were not arbitrary or capricious, we find that the circuit court did not err when it affirmed the Commission's ruling.

III. Whether the circuit court erred by affirming the Commission's ruling that Kelly acted independently of her supervising broker and performed real estate services without his full consent and knowledge.
¶ 19. Kelly argues that the circuit court erred when it affirmed the Commission's ruling that she acted independently of Farris, her supervising broker, and performed real estate services without his full consent and knowledge. She contends that the Commission unreasonably failed to take into account Farris's illness and hospitalization as extenuating circumstances. The Commission ruled that Kelly violated Mississippi Real Estate Broker Rule IV(A)(2), which provides:
A real estate broker who operates under the supervision of a responsible broker must not at any time act independently as a broker ... and that affiliated broker shall not perform any real estate service without full consent and knowledge of his employing or supervising broker.
¶ 20. The evidence established that Kelly is listed as a selling agent in several of the transactions in question. Furthermore, in her brief, Kelly concedes that she "had a duty to refrain from acting independently of Appellant Farris and to refrain *235 from performing real estate services without Appellant Farris's full consent and knowledge." She further explains that "it was impractical and impossible" to clear every detail with Farris "while he was lying in his hospital bed."
¶ 21. It is evident, however, that no details were ever cleared with Farris because he only received the closing statement and a commission check at the close of the transactions. Farris did not know about the use of the Century 21 forms because Kelly did not operate under his supervision as required by law. Apparently, the Commission did not view Farris's ill health as an exception to this requirement. Like Farris, Kelly points to no authority that requires the Commission to make exceptions to the rule based on extenuating circumstances. Once again, the Commission was well aware of these facts at the hearing and considered these facts in making its decision that Kelly violated the rule. See McCaughan, 900 So.2d at 1176(21). Because the Commission's findings were based on substantial evidence and were not arbitrary or capricious, we find that the circuit court did not err when it affirmed the Commission's ruling.

IV. Whether the circuit court erred by affirming the sanctions the Commission imposed upon Farris and Kelly.
¶ 22. Farris and Kelly argue that the circuit court erred when it affirmed the sanctions the Commission imposed upon them because the sanctions were disproportionate to the violations alleged. Farris and Kelly further contend that the revocation of their licenses does not serve the purpose of the act to "safeguard the interests of the public" because no one was harmed by their conduct, and there were no allegations of dishonesty or fraudulent intent. Conversely, the Commission argues that the punishments were not disproportionate to their violations given the misrepresentations made, Farris's lack of supervision, and Kelly performing real estate operations without the knowledge and consent of her responsible broker.
¶ 23. The Commission revoked Farris's and Kelly's licenses pursuant to its authority under Mississippi Code Annotated section 73-35-21 (Rev.2004), which gives the Commission power to revoke a license where the licensee is found guilty of improper dealing, among other things. This authority should be exercised with great caution because it affects the licensee's right to make a living. Harris v. Mississippi Real Estate Comm'n, 500 So.2d 958, 962 (Miss.1986) (citing Mississippi Real Estate Comm'n v. Ryan, 248 So.2d 790, 793 (Miss.1971)). In order to revoke the license of a real estate broker "under a charge of bad faith, incompetency or untrustworthiness, or dishonest, fraudulent, or improper dealings, the proof need not be beyond a reasonable doubt, ... but the testimony must clearly establish the guilt of a respondent. Proof of surmise, conjecture, speculation or suspicion is not sufficient." Id.
¶ 24. In Harris, the supreme court declined to separately evaluate whether or not the Commission's findings warranted the punishment received, holding that an administrative agency is in the best position to know how to police its own. Harris, 500 So.2d at 963. Accordingly, we agree and decline the opportunity to second guess the punishment ordered by the Commission. Therefore, we find that the circuit court did not err when it affirmed the Commission's imposition of sanctions.

CONCLUSION
¶ 25. We find there is substantial evidence that Farris and Kelly engaged in improper dealing, that Farris did not properly supervise Kelly, and that Kelly acted *236 independently of her supervising broker, Farris, in violation of the rules. Since the Commission's ruling is supported by substantial evidence, we decline to evaluate whether the punishment was reasonable in light of the circumstances. Therefore, we affirm the judgment of the circuit court affirming the order of the Mississippi Real Estate Commission.
¶ 26. THE JUDGMENT OF THE DESOTO COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Charles did not appeal the circuit court's order affirming the Commission's decision.