KING, C.J.,
dissenting:
¶ 30. I dissent from the majority’s opinion herein, and would affirm the grant of summary judgment by the Hinds County Circuit Court. The Hinds County Circuit Court found that the repair and maintenance of a city sewer system is a discretionary function; thus the City of Jackson’s actions were protected by sovereign immunity.
¶ 31. The appellants filed suit against the City of Jackson for damages sustained to their homes from a sewage backup. They alleged that the backup was caused by the failure of the City of Jackson to properly maintain and repair the sewer line. The appellants further assert that the primary failure of the City of Jackson was in not making regular inspections of the sewer lines, not repairing the damaged sewer lines, and not replacing inadequate sewer lines with larger adequate sewer lines.
¶ 32. The appellants own homes in a subdivision, which was developed in the 1960s outside of the municipal boundaries of the City of Jackson. The sewer system for this subdivision was designed and installed by the developer. The developer placed six-inch sewer lines in the subdivision. In 1971, this subdivision was annexed by the City of Jackson. In 1977, the City of Jackson adopted a subdivision ordinance, which required a specific size sewer line in subdivisions. The sewer line that was installed by the subdivision developer and which served the appellants’ homes was inadequate when viewed under the 1977 ordinance. However, there is nothing in the subdivision ordinance as adopted in 1977 that makes it apply as a retroactive mandate to subdivisions annexed by the City of Jackson prior to its adoption. In fact just the opposite is true. The ordinance specifically states that it does not apply retroactively but instead applies only to new subdivisions or redevelopment of existing subdivisions. Unless clearly indicated as having retroactive application, laws are applied prospectively. See Bd. on Law Enforcement Officer Standards and Training v. Voyles, 732 So.2d 216, 219 n. 1 (Miss.1999).
¶ 33. The appellants argue that the City of Jackson had an absolute and clearly-defined duty to repair and maintain sewer lines, which allowed for no discretion as to when, where, or how the sewer lines were to be maintained. The Hinds County Circuit Court in a well reasoned opinion rejected this position. The trial court correctly noted that the repair and maintenance of sewer system is a discretionary function rather than a ministerial function. It reached this conclusion by looking at Mississippi Code Annotated section 21 — 27—189(a)—(b) (Rev.2007), which provides a municipality the authority “in the discretion of its governmental authorities” to operate and manage sewer sys- *1221 terns and to construct, operate and maintain sewer systems.
¶ 34. Matters which are within the discretion of the governing body allow for the exercise of judgment as to when, where, how, and by whom an action is to be done. On the other hand, actions that are ministerial in nature do not allow for the exercise of any discretion by the governing body as to what action is to be taken, when the action is to be taken, where the action is to be taken, how the action is to be taken, or by whom the action is to be taken. Essentially, a ministerial act is done based simply upon a checklist that dictates when, where, how, and by whom an action is to be taken.
¶ 35. The record placed before this Court does not indicate the existence of any checklist which tells the City of Jackson when to repair or replace a sewer line, where to replace a sewer line, how to replace a sewer line, or by whom the sewer line is to be replaced. To hold that the decision of when, where, and how to repair or replace sewer lines in subdivisions annexed by the City of Jackson prior to the adoption of the 1977 Subdivision Ordinance is a ministerial function rather than a discretionary function would deprive the City of Jackson of the ability to adopt policies to determine the best use and the order of use of its limited resources. I am unaware of any law, which does in fact remove from the discretion of the City of Jackson the policy decision as to the best use and order of use of its resources for the replacement of the sewer lines. See Frazier v. Miss. Dep’t of Transp., 970 So.2d 221, 224 (¶ 9) (Miss.Ct.App.2007) (finding that “in the absence of notice, a governmental entity’s decision to maintain or repair roads ... is purely discretionary .... ”); see also Hobson v. City of Vicksburg, 848 So.2d 199, 202 (¶ 7) (Miss.Ct.App.2003) (finding that a city’s decision to close a dilapidated bridge rather than enforce a contractual right to have the bridge repaired was discretionary).
¶ 36. Because the decision as to when, where and how to replace the sewer lines is a discretionary duty, the City of Jackson is cloaked with immunity pursuant to Mississippi Code Annotated section 11-46-9(1)(d) (Supp.2009). See Frazier, 970 So.2d at 224 (¶ 9). There is nothing in the record before this Court to indicate that this could be anything other than a discretionary duty. In the absence of any reason to believe this function is not discretionary, there is no reason to return this case to the trial court.
¶ 37. I therefore dissent and would affirm the grant of summary judgment.
IRVING, BARNES AND ROBERTS, JJ., JOIN THIS OPINION.