JAMES, J.,
for the Court:
¶ 1. The Mississippi State Board of Ex: aminers for Licensed Professional Counselors (Board) denied Carl Ray Hale’s application for reinstatement of his license as a professional counselor. Hale appealed to the Madison County Circuit Court, which affirmed. Hale now appeals the judgment of the circuit court, arguing the Board’s decision was not supported by substantial evidence and was arbitrary and capricious. We find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On June 6, 1997, Hale, a licensed professional counselor (LPC), pled guilty to charges of billing and submitting false insurance claims to the federal government. Upon advice of counsel, Hale surrendered his license on June 27, 1997. Hale was placed on probation for five years and was prohibited from participating in Medicaid, Medicare, or any other federal health-care programs.
¶ 3. At the time of his arrest, Hale was under investigation by the Board due to complaints that had been filed against him. The first complaint alleged that Hale was engaged in inappropriate and' intimate relationships with three of his patients. Another complaint pertained to a newspaper article in which Hale falsely represented himself as a licensed clinical psychologist in an ad for his practice. The record also shows that Hale distributed business cards representing the same false credentials.
¶ 4. Hale was found to have violated his probation on multiple occasions. In 2002, he was arrested for embezzlement, and on another occasion, he was arrested for stealing several records from a music store where he was employed. Hale served time in prison and was released in 2003.
¶ 5. On August 2, 2010, Hale applied to the Board to have his license reinstated. On January 4, 2011, the Board issued Hale a notice advising him that he would be afforded a hearing to allow him to show cause as to why his application should not be denied.
¶ 6. At the hearing, Hale testified on his own behalf, in addition to several character and professional witnesses. Following the hearing, the Board denied Hale’s application. An order to that effect was issued on September 28, 2011. Hale appealed to the Madison County Circuit Court, which affirmed. Hale now appeals to this Court.
STANDARD OF REVIEW
¶ 7. “The decision of an administrative agency is not to be disturbed unless the agency order was unsupported by substantial evidence, was arbitrary or capricious, was beyond the agency’s scope or powers, or violated the constitutional or statutory rights of the aggrieved party.” *1182 Miss. Bd. on Law Enforcement Officer Standards & Training v. Clark, 964 So.2d 570, 573 (¶ 7) (Miss.Ct.App.2007) (citing Bd. on Law Enforcement Officer Standards & Training v. Voyles, 732 So.2d 216, 218 (¶ 6) (Miss.1999)). “There is a rebut-table presumption in favor of the agency’s decisions; the burden of proving to the contrary is on the challenging .party.... [AJppellate review of an agency’s decision is limited to the record and the agency’s findings.” Id. Finally, we will not substitute our judgment for that of the agency, nor will we reweigh the facts of the case. Id.
DISCUSSION
¶ 8. Hale argues that the Board’s decision to deny his application for reinstatement of his license was not supported by substantial evidence and was arbitrary and capricious. The Mississippi Supreme Court has defined substantial evidence as “such relevant evidence as reasonable minds might accept as adequate to support a conclusion.” Pub. Emps. Ret. Sys. v. Marquez, 774 So.2d 421, 425 (¶ 13) (Miss.2000). “Substantial evidence means something more than a ‘mere scintilla’ or suspicion.” Id. “If an administrative agency’s decision is not based on substantial evidence, it necessarily follows that the decision is arbitrary and capricious.” Id. at 430 (¶ 35).
¶ 9. Mississippi Code Annotated section 73-30-9(c) (Rev.2012) provides that an applicant for licensure as an LPC must be of good moral character. Section 73-30-21 permits the Board to “suspend, revoke or refuse to issue or renew a license or [to] reprimand the license holder, upon a determination by the [B]oard that such license holder or applicant for licensure has: ... [b]een convicted of a felony.” Miss. Code Ann. § 73-30-21(l)(b) (Rev.2012).
¶ 10. Pursuant to Mississippi Code Annotated section 73-30-7(2) (Rev.2012), the Board has developed guidelines in determining whether an applicant who has pled guilty to a felony may be issued a license to practice as an LPC. These guidelines are set forth in chapter 4, section 1 of the Board’s Rules and Regulations. Chapter 4, section 1(E)(5) provides: “[N]o person shall be eligible to receive or hold a license issued by the Board if that person has pleaded guilty or nolo contendere to or has been found guilty of any felony or misdemeanor involving moral turpitude.” Section 1(E)(6) provides that “upon receipt of information from the Department of Public Safety that a person has pleaded guilty or nolo contendere to or been found guilty of any felony or misdemeanor involving moral turpitude, the Board shall immediately deny licensure or refuse renewal of license.”
¶ 11. Section 4(E)(8) enumerates factors the Board is to consider when evaluating an applicant who has committed a crime of moral turpitude. Among those factors are: the age at which the crime was committed, the circumstances surrounding the crime, the length of time since the crime, the applicánt’s subsequent work, history, employment references, character references, and any other evidence demonstrating that the applicant does not pose a threat to the health or safety of the public.
¶ 12. The Board found that Hale, having been convicted of a felony involving moral turpitude, was precluded from licen-sure as an LPC. The Board held the following:
Although Hale’s felony conviction occurred ... fourteen years ago[,] ... [Hale’s] criminal record demonstrates a disregard for Federal laws governing providers’ health care reimbursement as well as disregard for the law under which he seeks licensure.... [Hale] was a mature adult ... when he committed *1183 the crime, and not a youth.... [Hale’s] crime was based on serious, egregious conduct that bears closely and directly upon his fitness and trustworthiness to carry out the duties of a[n] LPC.... The deceptive, dishonest and exploitive acts that formed the basis of [Hale’s] conviction demonstrate untrustworthiness and a lack of fitness to carry out ... duties and functions of a[n] LPC in the State of Mississippi.
¶ IB. The Board also considered the fact that Hale’s counseling certification had been revoked by the National Board of Certified Counselors. And the Board considered that he violated his probation in 1997; was sentenced to ten months in federal prison; had been indefinitely suspended from Medicare, Medicaid, and other federal health programs; and had several complaints pending before the Board at the time he surrendered his license.
¶ 14. Based on these findings, in addition to Hale’s felony conviction of a crime of moral turpitude, the Board concluded that Hale was not qualified to hold a license. We find that the Board’s decision to deny Hale’s application for reinstatement of his license was based on substantial evidence and was neither arbitrary nor capricious. Accordingly, we affirm the judgment of the Madison County Circuit Court.
¶ 15. THE JUDGMENT OF THE [MADISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS IlPPEAL ARE ASSESSED TO THE APPELLANT.
I LEE, C.J., IRVING AND GRIFFIS, |.JJ., BARNES, ISHEE, ROBERTS, llARLTON, MAXWELL AND FAIR, JJ., ■ONCUR.