## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 2000-CA-00099-SCT

*KIMBERLY KNIGHT, INDIVIDUALLY*

*AND ON BEHALF OF HER MINOR DAUGHTER, BRANDE SKINNER*
*v.*
*LISA GIBSON McKEE, M.D.*

*AND RICK MARTIN, M.D.*


| | |
|---|---|
| DATE OF JUDGMENT: | 12/09/1999 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ISAAC K. BYRD, JR. |
| ATTORNEYS FOR APPELLEES: | MILDRED M. MORRIS |
| | GORDON U. SANFORD, III |
| | STEPHEN P. KRUGER |
| | JAN F. GADOW |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED -02/08/2001 |
| MOTION FOR REHEARING FILED: | 2/21/2001; denied 4/12/2001 |
| MANDATE ISSUED: | 4/19/2001 |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

### INTRODUCTION

¶1. This Mississippi Tort Claims Act case primarily involves the issue of whether the purchase of professional liability insurance subjects a physician who treats a patient in his capacity as an employee of the University of Mississippi Medical Center to a medical negligence claim. Answering that question in the negative, we affirm the judgment below.

### FACTS AND PROCEEDINGS BELOW

¶2. Kimberly Knight filed this medical malpractice action both individually and on behalf of her minor daughter, Brande Skinner, against Lisa Gibson McKee, M. D., and Rick Martin, M. D., in the Circuit Court of the First Judicial District of Hinds County, Mississippi, based on Knight's treatment at the

University of Mississippi Medical Center while she was in labor and during the subsequent delivery of her brain-damaged daughter. Dr. Gibson McKee and Dr. Martin filed motions for summary judgment, and the circuit court, finding that the doctors were immune under the Mississippi Tort Claims Act, (MTCA), Miss. Code Ann. §§ 11-46-1 to -23,(Supp. 2000), and that the case was barred by the applicable statute of limitations, granted the motion. Knight appeals from the circuit court's judgment arguing that (1) the immunity afforded to state employees by the MTCA should not apply to Dr. Gibson McKee and Dr. Martin because they each had personal liability insurance; (2) the MTCA's one-year statute of limitations should not apply to minors' claims; and (3) the holding in *Womble v. Singing River Hosp.*, 618 So. 2d 1252 (Miss. 1993), should be extended to cover physicians employed by state hospitals.

## ANALYSIS

¶3. Dr. Gibson McKee, a resident in the UMMC Department of Obstetrics and Gynecology, was on duty in the labor and delivery ward while Knight was in labor. It is undisputed that all treatment rendered to Knight by Dr. Gibson McKee was in the course and scope of her employment at UMMC. Resident physicians at UMMC are, as a matter of law, state employees for purposes of the MTCA. *Owens v. Thomae*, 759 So. 2d 1117, 1122 (Miss. 1999); *Pickens v. Donaldson*, 748 So. 2d 684, 689 (Miss. 1999).

¶4. Dr. Martin, an Associate Professor of Obstetrics and Gynecology, was the attending obstetrics staff physician for UMMC during the first three hours of Knight's admission. It is undisputed that at all pertinent times he was employed by UMMC and was acting pursuant to the terms and conditions of his employment contract. It is also undisputed that Dr. Martin was not permitted to engage, and had never engaged, in the practice of medicine outside the course and scope of his employment with UMMC.

¶5. Because both Dr. Gibson McKee and Dr. Martin were indisputably full-time employees of UMMC at the time of Knight's labor and delivery, she as a full-time resident and he as a supervising teacher and trainer of residents, and did not receive any compensation for the practice of medicine from any person or entity but UMMC, they are immune, pursuant to the MTCA, from claims of negligence. It is unnecessary to address the test the Court enunciated in *Miller v. Meeks*, 762 So. 2d 302 (Miss. 2000), because these physicians were not independent contractors, i.e., they did not receive compensation for the practice of medicine from sources other than UMMC. *Id.* at 305.

¶6. The fact that the two physicians have personally acquired professional liability insurance is irrelevant to the inquiry as to whether a state employee enjoys immunity under the MTCA. In a recent case, *Maxwell v. Jackson County*, 768 So. 2d 900 (Miss. 2000), we held that a county did not waive its immunity protections under the MTCA when it purchased liability insurance in excess of the limits imposed by the MTCA. We now extend this holding to apply to state employees also. Finally, the MTCA contains no provision allowing for the waiver of a state employee's immunity because of the existence of professional liability insurance.

¶7. *Womble* does not provide authority to revoke the immunity granted to state employees by the MTCA. In *Barnes v. Singing River Hosp. Sys.*, 733 So. 2d 199, 206 (Miss. 1999), we refused to extend *Womble* to medical malpractice cases against state hospitals. As a natural extension to *Barnes*, the Court finds that *Womble* does not apply to medical malpractice cases against physicians who are employed by state hospitals.

¶8. The Court finds that Dr. Gibson McKee and Dr. Martin are immune from Knight's negligence claims. Therefore, there is no need to address Knight's argument that the MTCA one-year statute of limitations should not apply to minors' claims.

## CONCLUSION

¶9. For these reasons, the Court affirms the grant of summary judgment in favor of Lisa Gibson McKee, M. D., and Rick Martin, M. D., by the Circuit Court of the First Judicial District of Hinds County.

¶10. **AFFIRMED.**

**PITTMAN, C.J., BANKS, P.J., SMITH, MILLS AND COBB, JJ., CONCUR. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ AND EASLEY, JJ.**

**McRAE, PRESIDING JUSTICE, DISSENTING**:

¶11. I dissent as to the majority's erroneous statement that it is irrelevant whether the two physicians acquired professional liability insurance to determine their immunity under the Mississippi Tort Claims Act ("the Act"). If Dr. Gibson McKee and Dr. Martin acquired professional liability insurance in this case over and above the amounts for which they are allowed immunity under the Act, then the two physicians should have been held liable up to the amount provided in their insurance. Further the question should be can the insurance company and its attorney that it employed have standing to raise an immunity issue or should it be left entirely with the public entity?

¶12. There is nothing in the record to explain the provisions of the liability insurance purchased by the doctors. The record indicates that Knight made a "Notice of Service of Written Discovery," but no discovery documents appear in the record. I would reverse and remand this case to the lower court for a determination of the amounts the physicians are insured for under this professional insurance and hold that the physicians have waived their immunity up to the amount for which they are insured. Accordingly, I dissent.

¶13. The majority states that *Barnes v. Singing River Hosp. Sys.*, 733 So. 2d 199, 206 (Miss. 1999), refused to extend the rationale of *Womble v. Singing River Hosp.*, 618 So. 2d 1252, 1263-65 (Miss. 1993) (which held that public official immunity does not apply to state employees who are making individual medical decisions) to state hospitals. However, *Barnes* does not expressly overrule *Womble* as to one of the main issues in this case, which is whether this qualified immunity applies to state employees who acquire and maintain professional liability insurance.

¶14. In *Barnes*, the hospital being sued was protected and immune for certain damages under Miss. Code Ann. § 11-46-15(a), a provision of the Act, that limited the liability of Barnes's claim to $50,000. In addition, however, the hospital was also protected by a $250,000 liability insurance policy at the time of Barnes's injuries, and we held that "should the Barneses succeed in their claim against Singing River, the additional liability insurance coverage will be available to them as part of their potential recovery, regardless of any other immunity afforded Singing River in this case." *Barnes*, 733 So. 2d at 206-07 (citing *Hord v. City of Yazoo City*, 702 So. 2d 121, 124 (Miss. 1997) (Lee, Dan M., C.J., concurring, joined by Pittman, Banks, McRae, & Roberts, JJ.)).

¶15. In addition, Miss. Code Ann. § 11-46-17(4) of the Act states,

[a]ny governmental entity of the state may purchase liability insurance to cover claims in excess of the amounts provided for in Section 11-46-15 and may be sued by anyone in excess of the amounts provided for in Section 11-46-15 to the extent of such excess insurance carried; provided, however, that the immunity from suit above the amounts provided for in Section 11-46-15 shall be waived only to the extent of such excess liability insurance carried.

¶16. Miss. Code Ann. § 11-46-15(1)(a) states,

(1) In any claim or suit for damages against a governmental entity or its employee brought under the provisions of this chapter, the liability shall not exceed the following for all claims arising out of a single occurrence for all damages permitted under this chapter:

(a) For claims or causes of action arising from acts or omissions occurring on or after July 1, 1993, but before July 1, 1997, the sum of Fifty Thousand Dollars ($50,000.00).

¶17. In the present case, if the physicians have additional liability insurance providing for coverage for damages in excess of those allowed by the statute above, then the physicians do not enjoy the immunity provided by the Act. Drs. Martin and Gibson McKee, respectively, argue in their briefs that the existence of professional liability insurance does not waive their immunity under the Act because §§ 11-46-17(4), and 11-46-16(2) (waiver of immunity to extent of insurance coverage), both go to the waiver of immunity by the governmental entity and not by the employees themselves. However, the majority attempts to extend the holding of *Barnes* to hold that the immunity provided to state hospitals by the Act also applies to state employees. These two arguments contradict one another, for the state employees cannot receive their immunity vicariously from the immunity of the state hospitals and acquire their individual liability insurance, while at the same instance denying any waiver of immunity this additional insurance creates, applying this waiver only to the hospitals and not themselves. If state employees intend to receive the benefits afforded state hospitals by the Act, then they should also be willing to accept the consequences, such as waiver of their immunity, when they purchase additional insurance.

¶18. The majority relies on *Maxwell v. Jackson County*, 768 So. 2d 900 (Miss. 2000) as a comparable case to the facts at hand, stating that in *Maxwell*, a county did not waive its immunity protections under the MTCA when it purchased additional liability insurance. However, *Maxwell* concerned Miss. Code Ann. § 11-46-9(1)(*l*), which stated that a government entity or its employees would not be liable to any claimant whose injury is covered by the Workers' Compensation Law by benefits provided by the government entity by which he is employed. Therefore, *Maxwell* is distinguishable from the facts at hand because this case is not concerned with the double recovery that may occur if a government entity or employee is liable for damages above what workers' compensation will provide. This case dealt with a single recovery sought from tortious injuries that occurred at the hands of government employees.

¶19. State employees and state hospitals originally provided with immunity under the Act lose this right when they purchase additional insurance coverage over and above the amount of damages provided in the Act. State employees cannot purchase additional immunity along with their purchase of additional insurance. For the above reasons, I dissent.

**DIAZ AND EASLEY, JJ., JOIN THIS OPINION.**